[No. 1981. Decided November 18, 1895.]

JENNIE YAKE, *Respondent*, v. F. M. PUGH *et al.*, *Appellants*.

ADMISSION OF COMPETENT AND INCOMPETENT TESTIMONY — MOTION TO STRIKE — PERSONAL EARNINGS OF WIFE —WHEN SEPARATE PROPERTY — GIFT OF HUSBAND.

A motion to strike out all the testimony relating to a particular subject is properly denied when some of it is clearly competent.

The personal earnings of the wife, derived from keeping boarders and dressmaking, under an agreement of her husband that all she made should be her separate property, are thereby divested of their character as community property, at least in so far as subsequent debtors are concerned.

The taking possession by a wife with the consent of her husband as her separate property of articles purchased with money which she has earned and which it has previously been agreed between them shall be her separate property, constitutes a gift of said articles to her, even if the technical, legal title to the money earned has not passed to her.

Appeal from Superior Court, Spokane County — Hon. WALLACE MOUNT, Judge. Affirmed.

*Griffitts & Nuzum*, for appellants.

*A. M. S. Hilgard*, for respondent.

The opinion of the court was delivered by

HOYT, C. J.—This action was brought to recover

possession of certain personal property, and damages for its detention. From defendant's answer it appeared that their claim was founded upon a levy under attachment in a suit against the plaintiff and her husband. The plaintiff's right to possession is founded upon her claim that the property belonged to her; that of the defendants upon the claim that it was community property. And the question presented by these adverse claims is the principal one which we are called upon to decide. .

There is a further claim that error was committed by the trial court in refusing to strike the testimony offered by the plaintiff to show that she had been damaged by the detention of the property. This motion was aimed at all of the testimony upon that subject. Some of it was clearly competent. The motion was therefore properly denied. There was enough competent testimony upon the question of damages to require its submission to the jury, and as no exceptions were taken to the manner in which it was submitted, no claim of error can be sustained growing out of the court's action in that regard.

It appeared from the testimony that the property had been acquired by the wife with money which she had received from persons whom she had kept as boarders, and for work done by her as a dressmaker. It also appeared that before she consented to engage in the business by means of which this money was obtained, her husband told her that if she did so, whatever money she made should be her separate property. And to further establish the fact that as between the husband and wife it was understood to be the business of the wife and not of the community, it was shown that the husband paid the wife for his board the same as did other boarders. That the earnings of the wife

as well as those of the husband, when they were living
together, *prima facie* belong to the community has
been held to be the law in most, if not all, of the
states which have statutes similar to our own.    This
rule was recognized and applied to the statutes of this
state in the case of *Abbott v. Wetherby*, 6 Wash. 507
(36 Am. St. Rep. 176).    Under it, if the wife had done
what she did, without any agreement between herself
and her husband as to who should have the benefit of
her services, the money received therefor would have
been that of the community.    It follows that if the
money was hers, it was by reason of the fact that what
was said and done by the husband amounted to a gift
to her of the money received.    It is not claimed that
this would not have been sufficient for the purpose, if
the property had been in existence, and had been at
the time delivered to, and since retained by, the wife.
But the contention is, that at the time the arrange-
ment was entered into, that which was attempted to
be donated was not in existence and could not be de-
livered, and that for that reason the attempted gift
could have no effect.    The general rule is that a gift,
to be effective must be consummated by delivery, but
it does not follow that under the circumstances dis-
closed by the evidence in this case, the money received
by the wife was not legally donated by the husband.
The consent on his part that she should render these
services and receive pay therefor as her own, was a
continuing arrangement, and was in force at the time
she received the money, hence, when she received each
sum, she received it as her own by express direction of
her husband, and the effect was the same as though the
money had first been in his hands, and had been then
delivered to her as a gift.    Besides, if the technical,
legal title to the money may be said not to have passed

to her, yet under the circumstances, when the several articles were purchased, brought into the house and taken possession of by her as her separate property with the consent of the husband, such consent and taking possession amounted to a gift from the husband to the wife.

Property acquired under circumstances very similar to those disclosed by this record have been held by the courts of other states to belong to the wife. (See *Johnson v. Burford,* 39 Tex. 242, and *Von Glahn v. Brennan,* 81 Cal. 261 (22 Pac. 597), and no case holding to the contrary, where the circumstances were at all similar, has been brought to our attention.

The effect of such an arrangement between husband and wife, when attacked by creditors who were such at the time the property was acquired, is not here presented. It is nowhere shown that any of the property was obtained after the debt was incurred, for which the action was brought. Besides, the nature of the property was such that a creditor would not be presumed to have relied upon it as a basis for credit. It was substantially all household furniture or wearing apparel, and exempt from execution or attachment to a householder living in the state.

The motion of the appellants for a peremptory instruction to the jury to find in their favor was rightfully denied, and the proofs were sufficient to support the verdict of the jury to the effect that the goods were the separate property of the wife.

The judgment will be affirmed.

ANDERS, SCOTT, DUNBAR and GORDON, JJ., concur.