[No. 10388.   Department Two.   August 21, 1912.]

MARGARET MARSH et al., Respondents, v. L. C. FISHER,
  Appellant, and G. B. CARTER, as Sheriff, Defendant.[1]

HUSBAND AND WIFE—COMMUNITY PROPERTY—PERSONAL EARNINGS
OF WIFE.   Where the wife's personal earnings are community prop-
erty, Rem. & Bal. Code, § 570, exempting them from attachment or
execution upon any liability against the husband, does not exempt
them from execution upon a judgment against the community.

SAME.   A wife's personal earnings are her separate property
only where she is living separate and apart from her husband, in
the absence of any agreement between husband and wife with re-
spect thereto.

SAME—AGREEMENT AS TO PERSONAL EARNINGS OF WIFE.   An agree-
ment between husband and wife that the earnings of each while
living together shall be the separate property of each cannot affect
existing creditors of the community.

Appeal from a judgment of the superior court for Whit-
man county, Neill, J., entered November 10, 1911, upon find-
ings in favor of the plaintiffs, in an action of claim and de-
livery, after a trial to the court.   Reversed.

Samuel P. Weaver, for appellant.

Jno. I. Melville and J. M. McCroskey, for respondents.

MOUNT, J.—This is an action under the statute, for claim
and delivery of personal property levied upon by the sheriff
under an execution.   Plaintiffs delivered to the sheriff an
affidavit, claiming certain horses levied upon, and stating the
value of the horses at $750.   A bond in the sum of $1,500 was
also delivered to the sheriff, conditioned, as required, that
the claimants would make good their title to the property,
or return the property, or pay the value to the sheriff.   On
a trial of the case, it appeared that L. C. Fisher, in the year
1911, recovered a judgment against the community consist-
ing of Margaret Marsh and her husband, Wesley Marsh.

[1]Reported in 125 Pac. 951.

This indebtedness was incurred prior to 1901. In that year
Mrs. Marsh and her husband entered into an oral agreement
to the effect that Mr. Marsh would operate a threshing ma-
chine and receive the proceeds of such business as his separate
property; that Mrs. Marsh would run the farm and receive
the proceeds thereof as her separate property. About the
same time Mrs. Marsh and her two sons entered into an
agreement by which they were to run the farm and divide the
proceeds, one-third to each. Thereafter, with the proceeds
of the farm, Mrs. Marsh and her two sons purchased the five
horses levied upon. Mr. Marsh, the husband, resided with
his family and did chores around the farm to pay for his
board. When he did other work, he was paid wages therefor.
Mrs. Marsh and her husband have abided by the contract
ever since it was made as above stated. There is no claim
that Mr. Fisher, the judgment creditor, had any notice of
the contract between the judgment debtors. The trial court
concluded that the horses levied upon were the separate prop-
erty of Mrs. Marsh and her two sons, and were not subject
to the community debts of Mr. and Mrs. Marsh. A judgment
was accordingly entered in favor of the plaintiffs. Mr. Fisher,
the judgment creditor, has appealed.

It appears from the record that the trial judge based his
conclusion upon the fact that the wife's portion of the pro-
ceeds of the farm, as conducted by herself and her two sons,
was her personal earnings, and that such earnings, under
§ 570, Rem. & Bal. Code, "shall be exempt from attachment
and execution upon any liability or judgment against the
husband." But this property was seized upon a judgment
against the community. If the property seized was not the
separate property of the wife, but was common property, the
statute does not exempt it from execution upon a judgment
against the community. In *Abbott v. Wetherby*, 6 Wash.
507, 33 Pac. 1070, 36 Am. St. 176, it was held that the per-
sonal earnings of the wife became separate property only
when she is living separate from her husband. It is conceded

in this case that Mrs. Marsh and her husband were at all times, and still are, living together. Her personal earnings were, therefore, community property, unless the agreement above referred to made such earnings her separate property. In *Yake v. Pugh*, 13 Wash. 78, 42 Pac. 528, 52 Am. St. 17, it was held that, under an agreement between the spouses, the personal earnings of the wife were her separate property, and that such earnings were divested of the community character in so far as subsequent creditors were concerned. That case is not controlling in this case, because here the appellant was a creditor at the time the agreement was made.

In *Sherlock v. Denny*, 28 Wash. 170, 68 Pac. 452, we declined to extend the rule in *Yake v. Pugh* to include a general agreement to the effect that whatever the wife earned was her own money. We there said: "But we do not think the rule should be extended further." In *Dobbins v. Dexter Horton & Co.*, 62 Wash. 423, 113 Pac. 1088, we followed the rule in *Yake v. Pugh;* but we have not held in any case that the spouses may agree that the personal earnings of the wife may be held as her separate property, as against creditors existing at the time of the agreement and where the parties continue to live together, except the case of *Brookman v. State Ins. Co.*, 18 Wash. 308, 51 Pac. 395, where it was said:

"Under our statute there is no question but that Mrs. Hall, although a married woman, had a right to lease a farm and prosecute the business of farming in her separate interests, and her testimony in this case, if the jury believed it to be true, would constitute this business her separate business."

But that case was expressly overruled upon that point, in *Main v. Scholl*, 20 Wash. 201, 54 Pac. 1125, where it was held that property acquired after marriage is community property. We are satisfied that this is the rule under our statute, and that the agreement of the parties that the earnings of each should be separate property did not affect exist-

ing creditors. Any other rule would open the way for fraud and render the statutes relating to community property of no effect. The court, therefore, erred in concluding that the interest of Mrs. Marsh in the horses was a separate property interest. The evidence in the case clearly shows that the sons of Mrs. Marsh owned a two-thirds interest in the horses. This interest, of course, was not subject to the execution.

The judgment appealed from is therefore reversed as to Mrs. Marsh, and the cause is remanded with directions to enter a judgment against her and the sureties upon the bond for $250, being her interest in the horses.

MORRIS, ELLIS, and CROW, JJ., concur.