[No. 11315. Department Two. February 21, 1914.]

EVA GAGE, *Respondent*, v. A. J. GAGE, *Appellant*.[1]

HUSBAND AND WIFE—SEPARATE PROPERTY OF WIFE—PERSONAL EARN-INGS—AGREEMENTS. A husband and wife may orally agree that the wife's personal earnings shall be her separate property; and where evidence of such an agreement is undisputed, the jury is warranted in following it.

WORK AND LABOR—ACTION FOR COMPENSATION—REASONABLE VALUE—RECOVERY. In an action for the reasonable value of services rendered, under a contract of employment which did not fix the specific amount of the compensation, the jury may award a less sum than the amount claimed.

APPEAL—REVIEW—OBJECTIONS—WAIVER. Appellant cannot allege error in the changing of the issues by the dismissal of a party, where no objection was made below.

[1]Reported in 138 Pac. 886.

APPEAL—REVIEW—NEW TRIAL—DISCRETION. The refusal of a new trial on the ground of newly discovered evidence will not be disturbed where the showing was conflicting and the trial court did not abuse its discretion.

APPEAL—REVIEW—OBJECTIONS—WAIVER. Error cannot be predicated on failure to state the issues in the instructions, where the same had been changed at the trial without objection, and as changed were fairly stated.

APPEAL—REVIEW—HARMLESS ERROR—INSTRUCTIONS. Appellant cannot predicate prejudicial error in failing to submit an issue as to which the evidence was undisputed, especially where there was only a very general oral request therefor.

Appeal from a judgment of the superior court for Spokane county, Hinkle, J., entered November 21, 1912, upon the verdict of a jury rendered in favor of the plaintiff, in an action for services rendered. Affirmed.

*Danson, Williams & Danson* (*Geo. D. Lantz,* of counsel), for appellant.

*Lawrence Jack,* for respondent.

PARKER, J.—The plaintiff seeks recovery of compensation from the defendant for services which she claimed she rendered to him as housekeeper. Verdict and judgment were rendered in favor of the plaintiff, from which the defendant has appealed.

It is first contended that the evidence does not sustain the verdict and judgment, in that it does not warrant the conclusion that respondent, being a married woman, has the right to separately sue for the compensation she seeks, as her separate property. The facts, which a review of the evidence convinces us the jury was warranted in regarding as proven thereby, may be summarized as follows: Respondent is married, and has lived with her husband at all times since their marriage, which occurred some ten years prior to the commencement of this action, and long before the occurring of the events here involved. Some two years prior to the commencement of this action, she was employed by appellant as

housekeeper, but without any specific agreement as to the amount of her compensation. The employment agreement was made by appellant directly with her. He paid her sums differing in amount from time to time, but without regularity as to time of payment. During a considerable portion of her married life, before her employment by appellant, she had been employed as a dressmaker and in dry goods stores, receiving her own wages, and treating the same as her separate property, in compliance with an agreement existing between herself and husband. She had been so employed in a dry goods store for a considerable period at the time she was employed by appellant. He knew that she was accustomed to work for wages and receiving the same as her own. He is a brother of her husband.

Both she and her husband testified that they had an agreement that she should receive and treat all of her personal earnings as her separate property. Her husband was a record party plaintiff to this action up to the time of the trial, but the trial proceeded and evidence on her behalf was introduced upon the theory that she was claiming compensation due her from appellant as her separate property, the testimony of her husband going to support that contention. The evidence tending to so show was not objected to by counsel for appellant upon the ground that it was not within the issues under the pleadings, though such issue was not, in fact, presented in the pleadings. The issues having, without objection, been thus somewhat changed from those raised in the formal pleadings, after the close of the evidence produced in behalf of the respondent, her husband was dismissed from the case, on motion of her attorney. The trial judge then remarked:

"The issues, as I now understand, are clear cut as to whether or not a contract was made between Mrs. Gage and the defendant in this case, and whether or not it was separate property."

Counsel for appellant proceeded with the introduction of evidence upon this theory. In view of the issues having assumed this form without objection, and the testimony of both respondent and her husband showing that an agreement existed between them that her personal earnings should be her separate property, which testimony was undisputed, it seems to us that it might well be argued that the court could have decided, as a matter of law, that whatever was due to respondent from appellant as her personal earnings was her separate property. That such an agreement may be lawfully made orally between husband and wife has been held by this court in *Yake v. Pugh,* 13 Wash. 78, 42 Pac. 528, 52 Am. St. 17, and *Dobbins v. Dexter Horton & Co.,* 62 Wash. 423, 113 Pac. 1088, both of which cases involved personal earnings of the wife and the question of the same becoming her separate property even as against the rights of creditors. It is worthy of note that there are no rights of creditors, either community or separate, here involved, which would seem to place respondent's separate property rights upon even a firmer foundation than the wife's rights were in either of those cases. We are clearly of the opinion that the jury was warranted in concluding, as it must have done in arriving at its verdict, that whatever was due to respondent was her separate property.

It is contended that the record shows that the amount of the verdict rendered by the jury was erroneous, in view of the issues, as to the contract and the amount claimed by respondent in her complaint. It is true that the amount claimed in her complaint was $1,345, and the amount awarded her by the jury was $550 only. Counsel invoke the rule as stated in 38 Cyc. 1846, as follows:

"Where the liability of defendant is established, and the compensation to which plaintiff is entitled is measured by a fixed and uncontroverted sum, or where the damages are fixed or liquidated, the verdict should either be for the amount sued for or in favor of defendant."

This rule, however, is not applicable here, because, while there was a contract of employment between respondent and appellant, there was no specific agreement therein as to the amount of her compensation; hence, so far as the amount is concerned, it became a question of reasonable compensation. No specific agreement was alleged as to amount, but the amount claimed was alleged to be the reasonable value of the services rendered. The mere fact that the jury found less than she claimed of course did not render the verdict erroneous. Our attention is called to the decision of this court in *Frost v. Ainslie Lumber Co.*, 3 Wash. 241, 28 Pac. 354, 915. As we read that decision, no question was involved therein as to the making of the contract, nor as to the amount of the purchase price, nor as to the balance due thereon, if any; the defense being rested upon the purchaser's right to rescind the contract. The verdict in that case necessarily had to be for the whole amount claimed or nothing. We cannot disturb the verdict upon this ground of contention.

It is contended that the court erroneously denied appellant's motion for a new trial, in so far as it rested upon newly discovered evidence. We deem it a sufficient answer to this contention to say that we have carefully read the affidavits and counter affidavits relating to the evidence claimed to be newly discovered, and that the conflict therein as to the truth of the claimed new evidence is such as to convince us that the trial court did not abuse its discretion in denying the motion, in so far as it was based upon that ground.

Some contention is made that the court failed to properly instruct the jury as to the issues of the case. When the time for instructing the jury arrived, the trial judge asked counsel for appellant: "Have you any request for instructions?" to which he answered, "I don't think I will make any formal request for instructions only that your honor instruct the jury upon the issues in the case . . . I think your honor must instruct them upon the right of Mrs.

Gage to maintain the action alone, the question of the creation of the separate property as distinguished from community property, and the question of contract." No other requests were made. Thereupon, the court stated to the jury the issues involved, including the question of the existence of an agreement between respondent and her husband that her personal earnings should be her separate property, the issues being fully stated as though the respondent's husband had never been a party plaintiff. We think the issues were fairly stated to the jury in view of the evidence admitted without objection changing the issues from those strictly within the formal pleadings.

Complaint is also made that the court did not properly instruct the jury upon the law touching respondent's right to maintain the action separately and as to her personal earnings being her separate property. The instructions given, and also the want of additional instructions touching the law as to respondent's separate property rights, might be subject to criticism here, in the absence of the uncontradicted testimony of respondent and her husband touching their separate property agreement. In the light of this testimony and the general nature of the oral requests for instructions, it seems clear to us that, whatever error there may have been in stating or failing to state the law upon these questions, such error was not prejudicial to appellant. We are of the opinion that appellant has had a fair trial upon issues which were well understood by counsel at the trial, though different from those found in the formal pleadings.

The judgment is affirmed.

CROW, C. J., FULLERTON, MORRIS, and MOUNT, JJ., concur.