[No. 14978.  Department Two.  February 11, 1919.]

ANNIE FOY, *Appellant,* v. PACIFIC POWER & LIGHT
COMPANY, *Respondent.*[1]

HUSBAND AND WIFE (21)—WIFE'S SEPARATE ESTATE—EARNINGS.
A married woman may receive the wages for her personal service,
earned under a contract made and performed during coverture,
when such earnings were her separate property.

PARTIES (51)—REAL PARTY IN INTEREST—OBJECTIONS — WAIVER.
An objection that a married woman is not the real party in interest,
in her action to recover for wages upon her contract made during
coverture is waived if not made when the defendant first appears in
the action.

HUSBAND AND WIFE (21, 23-1, 60)—WIFE'S SEPARATE ESTATE—
EARNINGS—EVIDENCE—SUFFICIENCY. Where a married man, employed
in a pumping plant by a city, made an arrangement whereby the
city was to employ and pay his wife wages for assisting, and there-
after receipted for his own wages and made no claim for hers, there
was sufficient evidence to support a finding that her wages were her
separate property.

Appeal from a judgment of the superior court for
Franklin county, Oswald, J., entered May 6, 1918, in
favor of the defendant, notwithstanding the verdict
of a jury rendered in favor of the plaintiff, in an ac-
tion on contract.  Reversed.

*Chas. W. Johnson,* for appellant.

*M. L. Driscoll, John A. Laing,* and *H. W. Strong,*
for respondent.

FULLERTON, J.—In this action the appellant sought
to recover from the respondent for personal services
rendered, as she alleges, under an oral contract of
employment.  To the complaint, which embodied the
appellant's claims, the respondent answered by a gen-
eral denial.  On the issues as thus framed, a trial was

[1]Reported in 178 Pac. 452.

had before a jury, which returned a verdict in favor of the appellant for the full amount claimed. After the return of the verdict, the respondent moved for judgment notwithstanding the verdict, which motion the trial court granted, entering a judgment to the effect that the appellant take nothing by her action. This appeal is from the judgment so entered.

The complaint and the evidence disclosed that the contract on which recovery was sought was entered into while the appellant was a married woman living with her husband, that it was performed while coverture existed, and that the action was brought after the death of the husband, by the appellant suing in her own right. Based on the conclusion that the presumption arising from the facts recited was that the obligation sued upon was a community obligation, and the conclusion that other evidence in the record did not overcome the presumption, the court held that the appellant was not the real party in interest, and hence could not maintain the action.

We think the court erred in its conclusion, for at least two reasons. In the first place, there was no issue upon the appellant's right to maintain the action. The complaint itself disclosed all of the facts thought to deny a right of recovery in the appellant, yet there was no motion or demurrer to the complaint, nor was the objection set forth in the answer. The case was twice tried to a jury, in each of which trials the jury returned a verdict for the appellant, yet at no time during the progress of either trial, prior to the return of the last verdict, did the respondent make the objection that the appellant could not maintain the action. This was a waiver of the objection. It must be remembered that this is not an objection fatal under all circumstances. Under our statute, a wife may receive the wages for her personal labor and maintain an

action therefor in her own name and hold the same in her own right, when such earnings are her separate property, even though earned under a contract made and performed during coverture. It must follow, we think, that where a woman sues in her own right for money earned during coverture, and no question is made as to her right to maintain the action until after the return of the verdict, the objection comes too late. This case well illustrates the hardships of a contrary rule. If the objection had been made when the respondent first appeared in the action, the objection could either have been cured by an amendment to the complaint, or the objection confessed and a tedious and expensive trial averted. If it had been raised during the course of the trial, the appellant would have had an opportunity to correct it by evidence. Raised, as it was, after verdict, it operates as a bar to a further action; if not by the rule of *res judicata,* by the rule of the statute of limitations. A rule of practice which leads to such an unconscionable result is certainly not to be favored, and ought not to be followed unless every other remedy is foreclosed.

In the second place, we think there is evidence in the record which, in the absence of an issue on the question, is sufficient to overcome the presumption of the community nature of the obligation sued upon. The evidence need not be detailed at length. Briefly, the respondent owned a pumping plant and was engaged in supplying the city of Pasco and the surrounding territory with water. The appellant's husband was employed to operate the plant. After working a short time, he complained to the company of the excessive hours he was required to be engaged and the meagerness of the wages paid for the services required. As a relief he proposed that the respondent employ both himself and his wife jointly at an increased wage. The

respondent declined to do this, but, as a counter pro-
posal, offered to continue him at his then wage and
employ the wife separately, allowing and paying to
her a fixed rate for all time the plant should be re-
quired to be operated in excess of eight hours per day,
his wages to be paid monthly as they were earned, hers
to be held until a final settlement and paid to her in a
lump sum.   The husband assented to this, and there-
after made no claim to her earnings, although receipt-
ing in full for the wages earned by himself as they
were paid him from time to time.   There are no rights
of creditors involved, nor is the respondent asserting
the community character of the obligation that it may
offset against it an obligation due from the community
to it.   Its assertion is made for the sole purpose of
defeating its obligation to pay the debt.   Under these
circumstances, it seems to us too much to say that there
was no evidence, or inference arising from evidence,
from which the jury could find that the claim sued for
was the separate property of the appellant.   This be-
ing true, the courts are not authorized to find to the
contrary.   The jury, not the court, is the trier of the
fact.

The respondent argues that there is no evidence to
support the verdict, and that the judgment of the court
can be sustained upon this ground, even if erroneous
on the ground assigned.   It must be confessed that the
contract as set forth in the complaint does present
peculiar features, so out of the ordinary, indeed, as
challenge the trier of the fact to scrutinize closely the
evidence by which it is sought to be supported.   But
we agree with the trial court that it was supported by
substantial evidence.   The case is not, therefore, one
where the court may direct a judgment in disregard
of the verdict of the jury.

The judgment is reversed, and the cause remanded with instructions to overrule the motion for judgment notwithstanding the verdict, and to proceed to a final determination of the controversy.

MAIN, MOUNT, PARKER, and HOLCOMB, JJ., concur.