[No. 15512.　Department Two.　March 17, 1920.]

ANNIE FOY, *Respondent,* v. PACIFIC POWER &
LIGHT COMPANY, *Appellant.*[1]

APPEAL (473, 475)—SUBSEQUENT APPEAL—FORMER DECISION AS
LAW OF CASE—QUESTIONS CONCLUDED.　A decision on appeal stating
that the evidence was sufficient to justify the verdict is *res adjudi-
cata* where the defendant, on plaintiff's appeal from a judgment
notwithstanding the verdict, insisted that the judgment was correct
because the evidence was insufficient.

MASTER AND SERVANT (1, 2)—CONTRACT OF EMPLOYMENT—EVI-
DENCE.　The evidence sufficiently warrants a finding of an agreement
to pay for a wife's services in assisting an employee in a power
plant during extra hours, where there was evidence that such ser-
vices were performed for a period of years in accordance with such
an agreement, upon the company's being unable to legally employ
the husband for more than eight hours per day.

EVIDENCE (127)—DOCUMENTARY EVIDENCE—PRIVATE BOOKS OF AC-
COUNT.　In an action for services performed during extra hours
while assisting her husband, a book kept by the husband showing
the hours of service each day is admissible in evidence, where it
appears that plaintiff could not read or write, and the book was
turned over to the employer for inspection and checking and no
objections made to it.

APPEAL (389)—REVIEW—AMENDMENTS REGARDED AS MADE.　In an
action to recover twenty-five cents per hour for services performed,
the complaint will be considered amended to conform to proof, ad-
mitted without objection, of an agreement to pay $2.50 per day of
eight hours.

EVIDENCE (76)—BEST AND SECONDARY—LOSS OF ACCOUNT BOOK.
In an action to recover for services for a period of years, where the
time book for one year was lost, it is admissible to prove by oral
evidence that the time for such year was equal to the time for the
other years.

SAME (75)—TABULATIONS DRAWN FROM ACCOUNT BOOKS.　In an
action to recover for services shown by a time book covering several
years, it is permissible to show, for the assistance of the jury, a
tabulation of the time made by the county auditor, where such
tabulation by the jury would have been a long and tedious operation.

[1]Reported in 188 Pac. 514.

Appeal from a judgment of the superior court for Franklin county, Oswald, J., entered May 6, 1919, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Affirmed.

*M. L. Driscoll, John A. Laing,* and *Henry S. Gray,* for appellant.

*Chas. W. Johnson,* for respondent.

BRIDGES, J.—Suit to recover for services performed. The complaint alleged that, between April, 1912, and December, 1916, and before and after those dates, the defendant, appellant here, was engaged in the business of furnishing light and water to the inhabitants of the city of Pasco, Washington, and that, in order so to do, it had what is called a pumping-plant located in that city; that, prior to July 9, 1912, the plaintiff's husband had been operating this plant, at a wage of $55 per month, and on or about the last named date, defendant employed plaintiff to assist in operating the plant during that portion of the time the plant should be operated in excess of eight hours, and that she would be paid therefor at the rate of twenty-five cents per hour, and it was agreed that she should not be paid as the wages were earned but that defendant should hold her money until such time as she could show to the defendant that she and her husband could properly care for and operate the plant, unless the plaintiff, before that time, should quit work or be discharged, in which event the company was to settle with her; that she commenced such services on or about the first day of July, 1912, and continued the same to the 28th day of December, 1916, and that she had not been paid anything for her services other than $80.

The answer was practically a general denial. ' There was a verdict for the plaintiff in the sum of $2,895.

At the close of the plaintiff's testimony, the defendant moved for a nonsuit, which was denied. Upon the coming in of the verdict, the defendant moved for both a new trial and judgment notwithstanding the verdict. The court granted the motion for judgment notwithstanding the verdict, but did not pass upon the motion for a new trial. Judgment was entered dismissing the action.

It appears that the trial court entered this judgment because it was of the opinion that the services rendered belonged to the community of the plaintiff and her husband, and she could not maintain the action. The plaintiff appealed from that judgment to this court. See *Foy v. Pacific Power & Light Co.*, 105 Wash. 525, 178 Pac. 452. In that appeal, this court reversed the judgment and remanded the case, with instructions to overrule the motion for judgment notwithstanding the verdict, and to proceed to final determination of the controversy. After the case had returned to the trial court, the judgment notwithstanding the verdict was set aside. The motion for new trial was denied, and judgment for plaintiff was entered on the verdict. It is from this judgment that this appeal is taken.

The appellant first contends that the evidence is insufficient to justify the verdict. It seems to us, however, that this question is *res judicata*. In the previous appeal, the respondent, who is the appellant here, insisted that the judgment notwithstanding the verdict was right for the reason, among others, that the evidence was insufficient to justify the verdict. This court, touching on that subject, said:

"The respondent argues that there is no evidence to support the verdict, and that the judgment of the court can be sustained upon this ground, even if erroneous on the ground assigned. It must be confessed that the contract as set forth in the complaint does present

peculiar features, so out of the ordinary, indeed, as to challenge the trier of the fact to scrutinize closely the evidence by which it is sought to be supported. But we agree with the trial court that it was supported by substantial evidence. The case is not, therefore, one where the court may direct a judgment in disregard of the verdict of the jury.''

It is now claimed by this appellant that that language of the court is *obiter dictum* and unnecessary to the decision of the case. While we do not agree with counsel for appellant in this regard, we have, nevertheless, very carefully read the whole record in this case and we are forced to the same conclusion as expressed in the previous opinion of this court. The respondent very positively testified that her husband complained to the manager of appellant concerning the wages he was receiving and demanded an increase; that the manager was not willing to increase her husband's wages for the reason that the law would not permit him to be worked more than eight hours a day, and some other arrangement would have to be made; that the manager then agreed to pay her at the rate of $2.50 per day of eight hours for time served by her in excess of the eight hours per day labor performed by her husband. Her testimony further shows that, during the period of nearly five years thereafter, she consumed a great deal of her time in the operation of the plant, in compliance with the contract mentioned. The appellant's manager positively denied ever having made any such agreement or any other agreement with the respondent. Under the repeated decisions of this court, it was for the jury to determine, in view of this conflicting evidence, whether or not such a contract had been made. We are perfectly frank to say, as suggested by this court in its previous decision of this case, that the alleged contract is a very unusual

one and might well be looked on with eyes of suspicion, but this agreement was a question for the jury, and this court cannot say, as a matter of law, that it was not made because it has unusual and peculiar conditions.

The respondent testified that, from the time she commenced work on the first of July, 1912, to about the 25th of March, 1913, her time was kept in a private book which had been lost or destroyed, and that the time served by her was thereafter kept in what has been designated as the "pump-house" book, furnished to the respondent and her husband by the appellant. In this book she kept a record of the total number of hours in each day the plant was running, and deducting therefrom the eight hours which her husband worked, would show the time for which she was entitled to compensation. The appellant claims that it was error to receive this pump-house book in evidence. It appears from the testimony that the respondent cannot read or write, and that the writing and figures in the book were placed there by her husband from figures given by her. She further testified that the book was later turned over to the manager for inspection and checking, and that he never made any objections thereto or claimed that the book was incorrect. Under these circumstances, we have no doubt the pump-house book was properly admitted in evidence. *West Virginia Architects & Builders v. Stewart,* 68 W. Va. 506, 70 S. E. 113, 36 L. R. A. (N. S.) 899, and the notes thereto.

It is next contended that a new trial should have been given because of an erroneous verdict. The verdict was for $2,895. The complaint alleged that the contract was that appellant would pay respondent twenty-five cents per hour for the time the pumps were working in excess of eight hours per day. The testimony, however, shows that she was to be paid at the rate of $2.50 per day of eight hours overtime. If she

had been limited to twenty-five cents per hour, the total of her recovery would have been in the neighborhood of $2,400, or some $500 less than she would be entitled to at the rate of $2.50 per day. If she be permitted to recover at the rate of $2.50 per day of eight hours, then the verdict might have been somewhat in excess of the amount returned and in excess of the amount prayed for. The respondent's testimony to the effect she was to receive pay at the rate of $2.50 per day of eight hours was admitted without objection by the appellant. We have repeatedly held that, in a case of this character, we will consider the complaint amended to conform to the testimony, and particularly will this be done when the testimony is received without objection, and there does not appear to have been any surprise which would prejudice the other party. There is nowhere a fatal variance and consequently we are of the opinion that the verdict and judgment are well within the plaintiff's testimony as to the amount she was entitled to recover.

The figures as taken from the pump-house book introduced in evidence show that, throughout the period covered by that book, the respondent had worked on an average of six hours per day overtime. The book in which the time was kept for a period of a little less than one year before the commencement of the pump-house book, submitted in evidence, was destroyed. The respondent, however, testified that her overtime during that period would be equal to or more than the overtime per day as shown by the pump-house book. The appellant objects to this class of testimony, and assigns error on account thereof. Of course, if the previous time book could have been introduced in evidence, appellant's objections would have been proper, but inasmuch as that time book had been destroyed, we know of no better way of proving the overtime for

the first year than the way it was here proved, and consequently we cannot find any error in the submission of that testimony.

The respondent put on the witness stand the auditor of the county in which Pasco is located, who testified that he had carefully gone over all the figures contained in the pump-house book and had tabulated them and that such tabulation showed the total number of days and hours worked by respondent. She offered this tabulation in evidence merely for the purpose of assisting the jury. A glance at the pump-house book shows that, if the jury had been required to make this tabulation, it would have been a very long and tedious job, and there is no reason why the auditor's tabulated statement should not have gone to the jury for such assistance as it might be to them. *Carlisle Packing Co. v. Deming*, 62 Wash. 455, 114 Pac. 172; Jones, Evidence (3d ed.), p. 254.

We have not overlooked several other claims of error argued by the appellant. We have carefully considered them but fail to find any merit in them. This case has been twice tried to a jury, and each time the jury returned its verdict for the plaintiff. We are able now to determine that the case has been fairly tried and that there are no prejudicial errors.

The judgment is affirmed.

Holcomb, C. J., Fullerton, and Tolman, JJ., concur.