[No. 34160. Department One. October 10, 1957.]

M. L. KOLMORGAN, *Respondent*, v. GEORGE A. SCHALLER et al., *Appellants.*[1]

[1]Reported in 316 P. (2d) 111.

*Harry L. Parr*, for appellants.

*Francis J. Walker*, for respondent.

FINLEY, J.—The plaintiff, M. L. Kolmorgan, under the provisions of RCW 7.32.010 *et seq.*, sought to garnish the *personal earnings* of the defendant wife, an employee in the office of the secretary of state. The defendant wife appeared in the action in the trial court and moved to quash the garnishment. She contends that the garnishment was based upon, or was ancillary to, a community judgment against her and her husband; that her personal earnings were her separate property under a written agreement with her husband and were exempt from the garnishment. The cause was tried to the court without a jury. Finding of fact No. 6 of the trial court reads as follows:

"The court finds that at all times from August, 1953 to the date of trial the community composed of George A. Schaller and Phyllis E. Schaller, his wife has existed and said parties have lived together as husband and wife; that during that time the husband, George A. Schaller has had no earnings or practically none up to March of 1956; that the parties resided in the community home until about March 1, 1956 when George A. Schaller's employment took him elsewhere during the week; that Phyllis E. Schaller was employed from August, 1953 to the time of trial at the State of Washington and during all of said period has devoted all of her earnings to the community expenses and obligations including utilities in the community home, groceries used

in the community home and payments on the community home; that the said salary of Phyllis E. Schaller was pledged or hypothecated to procure money to pay community expenses and obligations; that George A. Schaller was not shown to have contributed anything to the community debts or obligations."

Based substantially upon the above findings of fact, the trial court concluded that the defendants had not observed their agreement regarding the wife's personal earnings; furthermore, that the statutory presumption that the wife's personal earnings were community property had not been overcome; that her personal earnings had not acquired the status of *separate property* and were, therefore, subject to the garnishment. Judgment was entered accordingly. The defendant wife has appealed.

Appellant has assigned no error to the findings of fact; consequently, they become the established facts of the case. Rule on Appeal 43, 34A Wn. (2d) 47, as amended, effective January 2, 1953; *Paulson v. Higgins,* 43 Wn. (2d) 81, 260 P. (2d) 318. Our inquiry is thus limited to whether the findings of fact support the conclusions of law and the judgment based thereon. *Hansen v. Walker*, 46 Wn. (2d) 499, 282 P. (2d) 829. More specifically the question presented is whether the trial court erred in concluding that appellant's earnings were community property.

In her one assignment of error, appellant contends that the trial court erred in construing RCW 26.16.130, upon which the "separate property agreement" is allegedly based. This statute reads:

"26.16.130   Separate earnings of wife—Right to sue and defend.   A wife may receive the wages of her personal labor, and maintain an action therefor in her own name, and hold the same in her own right, and she may prosecute and defend all actions at law for the preservation and protection of her rights and property as if unmarried. [Code 1881 § 2404; RRS § 6895.]"

In *Colagrossi v. Hendrickson,* 50 Wn. (2d) 266, 310 P. (2d) 1072, the court said:

"The statute (RCW 26.16.030) provides that property acquired after marriage by either husband or wife, or both, is community property. While the earnings of a wife, living separate from her husband, are her separate property (RCW 26.16.140; *Hokenson v. Hokenson,* 23 Wn. (2d) 908, 162 P. (2d) 592 (1945)), moneys derived from her personal services, earned during coverture while living with her husband, are just as much community property as are the earnings of the husband. *Abbott v. Wetherby,* 6 Wash. 507, 512, 33 Pac. 1070, 36 Am. St. Rep. 176 (1893); *Marsh v. Fisher,* 69 Wash. 570, 125 Pac. 951 (1912); *Beakley v. Bremerton,* 5 Wn. (2d) 670, 674, 105 P. (2d) 40 (1940)."

In *Foy v. Pacific Power & Light Co.,* 105 Wash. 525, 178 Pac. 452 (affirmed 110 Wash. 248, 188 Pac. 514), the court said:

"Under our statute [RCW 26.16.130], a wife may receive the wages for her personal labor and maintain an action therefor in her own name and hold the same in her own right, *when such earnings are her separate property,* even though earned under a contract made and performed during coverture." (Italics ours.)

In *Abbott v. Wetherby,* 6 Wash. 507 (*supra*), the court said:

"It is, however, claimed that a large portion of the funds which paid for these lots was earned by the wife, and that such earnings were her separate property under the provisions of the statute. The statute, in addition to the property described in § 1398, provides a way in which a married woman can obtain separate estate. Section 1403 [ (Gen. Stat.) RCW 26.16.140] provides that the earnings and accumulations of the wife and of her minor children living with her, or in her custody, while she is living separate from her husband, are the separate property of the wife. It is true that § 1402 [RCW 26.16.130] provides that the wife may receive the wages of her personal labor; but these sections must be construed together, and thus construed we must conclude that her earnings only become her separate property while she is living separate from her husband. Any other construction would render meaningless § 1403, for if § 1402 created her earnings into a separate estate the enactment of § 1403 would have been absolutely useless, as all its provisions under this construction are embraced

in § 1402. . . . The statute [RCW 26.16.140] seems to definitely distinguish the rights acquired by wives who are living with their husbands, from the rights acquired by wives who are living separate from their husbands."

■ Without further citation of authority, we think it is well established in this jurisdiction that RCW 26.16.130 does not declare the *status* of property. It is merely enabling legislation, permitting a wife, individually, to have the assistance of the courts in enforcing her rights as to property which is in fact her separate estate. RCW 26.16.130 implements RCW 26.16.140, and it must be read in connection therewith.

Appellant relies upon *Dobbins v. Dexter Horton & Co.*, 62 Wash. 423, 113 Pac. 1088, where this court upheld an oral agreement between the spouses that the wife's personal earnings were to be her separate property. However, the case is distinguishable.

■ While we have recognized agreements (generally oral) between husband and wife to the effect that the earnings of each shall be separate property, nevertheless, the proponents of such agreements must establish by *clear and convincing evidence*: (1) the existence of the agreement (*Colagrossi v. Hendrickson, supra*; *State v. Miller*, 32 Wn. (2d) 149, 201 P. (2d) 136); and (2) that the agreement has been *mutually observed* by the spouses. *Union Securities Co. v. Smith*, 93 Wash. 115, 160 Pac. 304; *Gage v. Gage*, 78 Wash. 262, 138 Pac. 886; *Dobbins v. Dexter Horton & Co., supra*; *Yake v. Pugh*, 13 Wash. 78, 42 Pac. 528, 15 Am. St. Rep. 17.

In cases of this nature, where the claims of creditors are involved, the spouses will be held to strict proof, because "the court has to deal with circumstances which, if unexplained by testimony at once clear and convincing, would amount to badges of fraud." *Lanigan v. Miles*, 102 Wash. 82, 172 Pac. 894. See *Marsh v. Fisher*, 69 Wash. 570, 125 Pac. 951.

To further illustrate the point, a statement from *Abbott v. Wetherby, supra*, seems pertinent:

"It is the duty of each spouse to contribute his or her industry, energy and intelligence to the community; and it would encourage a sorry state of affairs in our domestic relations, if each one of the spouses were allowed, as seems to us to be attempted in this case, to charge the community with all the expenses of the living and expenses of the business, and credit the separate estate with the gross earnings."

In the case at bar, appellant has established the existence of an agreement, but she has failed to prove (see finding of fact No. 6, quoted above) that the agreement was mutually observed by the parties. In fact, the community has received the benefit of *all* her earnings; *cf. Colagrossi v. Hendrickson, supra; State v. Miller, supra.*

The trial court properly concluded that the agreement herein did not change the status of appellant's personal earnings from community property to her separate property. The judgment should be affirmed. It is so ordered.

HILL, C. J., MALLERY, WEAVER, and OTT, JJ., concur.