[No. 4592–7–III.   Division Three.   November 9, 1982.]

*In the Matter of the Marriage of* MANUEL SANCHEZ, *Respondent, and* PATRICIA A. SANCHEZ, *Appellant.*

*Robert B. Royal* and *Porter, Schwab, Royal & Edmondson*, for appellant.

*Patrick Cockrill* and *Hovis, Cockrill & Roy*, for respondent.

GREEN, J.—Patricia Sanchez appeals from the dissolution of her marriage to Manuel Sanchez. She claims the court erred because it did not divide the parties' property or grant her attorney's fees according to an agreement the parties executed before marriage. She also claims the court's division of the property and refusal to grant her maintenance was an abuse of discretion. We affirm.

The parties have been twice married to each other. Prior to their second marriage in 1976, they executed a document entitled "Antenuptial Agreement". It provided each party's property acquired before marriage would remain separate. Additionally, it stated the parties agreed to waive

> any rights, powers or privileges which might or could arise by virtue of the marital relation . . . including community property rights . . . maintenance, . . . and any other statutory right . . .
>
> . . .
>
> 8. In the event of a legal separation or dissolution . . . husband and wife agree that the recognition as to the status of property contained herein shall be binding upon them and neither will seek relief inconsistent with the terms of this agreement and that all attorneys' fees and court costs shall be paid by husband in either event.

The trial court characterized the parties' property according to the agreement. However, it essentially made an equal division based on the circumstances presented.

■■ First, Mrs. Sanchez contends the court erred in awarding Mr. Sanchez a gold coin purchased by her before the first marriage, valued at $1,000, and insurance policies on his life worth $926.19, awarded to her in their prior divorce decree. She argues since the evidence showed the antenuptial agreement was fairly and knowingly entered into, the court was bound by the agreement to award that property to her. We disagree. The court was not bound by the agreement because the evidence and unchallenged findings show the parties did not mutually observe it. Although this theory was not relied upon by the court, its determination may be sustained on any ground within the pleadings and the proof. *Frontier Lanes v. Canadian Indem. Co.,* 26 Wn. App. 342, 347, 613 P.2d 166 (1980).

The evidence shows that in October 1978, approximately 2 years after the parties were married, Mrs. Sanchez was incarcerated in the women's correctional facility. Prior to her incarceration, she pawned the gold coin and some jewelry to make a payment on the home where the parties resided. While she was incarcerated, Mr. Sanchez paid $675 to the pawn shop to redeem the gold coin and jewelry. During that time, he also paid the premiums on the life insurance policies and storage charges for Mrs. Sanchez' furniture. He deposited his personal income into a joint account. Mrs. Sanchez testified she had deposited an undetermined amount in that account before she was incarcerated.

The court found after Mrs. Sanchez was released in August 1980, and after this dissolution action was commenced, she withdrew $732 from the joint account. The court also found after this action was commenced, Mr. Sanchez' truck was damaged in the amount of $600 while in Mrs. Sanchez' possession. His tools which were in the truck, valued at $200, were lost or destroyed.

It has long been established that courts must examine with great care agreements affecting property rights between husband and wife. *In re Estate of Madden,* 176 Wash. 51, 53, 28 P.2d 280 (1934). Spouses owe a duty to

one another not only to enter into agreements in good faith but, as with contracts generally, to deal with each other fairly so that each may obtain the benefit of the other's performance. *In re Marriage of Hadley,* 88 Wn.2d 649, 565 P.2d 790 (1977); *Friedlander v. Friedlander,* 80 Wn.2d 293, 494 P.2d 208 (1972); *Seals v. Seals,* 22 Wn. App. 652, 655, 590 P.2d 1301 (1979). *See also Miller v. Othello Packers, Inc.,* 67 Wn.2d 842, 410 P.2d 33 (1966). This duty does not cease upon contemplation of dissolution. *Seals v. Seals, supra* at 655.

The intentions of the parties, considered in light of surrounding circumstances both before and during marriage, determine whether the agreement is to be considered binding. *Short v. Short,* 54 Wn.2d 284, 288, 340 P.2d 168 (1959). The burden is on the spouse seeking to enforce the agreement to show it has been strictly observed in good faith. *Friedlander v. Friedlander, supra* at 300; *Mumm v. Mumm,* 63 Wn.2d 349, 352, 387 P.2d 547 (1963); *Kolmorgan v. Schaller,* 51 Wn.2d 94, 316 P.2d 111, 67 A.L.R.2d 704 (1957); *In re Estate of Madden, supra* at 54.

While Mrs. Sanchez established the existence of an agreement, she failed to show it was mutually observed in good faith. For example, contrary to the agreement, both parties regarded Mr. Sanchez' income during the marriage as community property, and Mrs. Sanchez urges some items distributed by the court were community property, even though the parties agreed the status of their property would not be determined under community property laws. Moreover, she claims a right to maintenance, even though the agreement states that right is waived. Where she herself failed to observe the agreement, she cannot now successfully claim the court erred in refusing to follow it.

Neither does Mrs. Sanchez' second contention that the court did not adhere to the attorney's fees provision in the contract have merit. The court granted attorney's fees in the amount of $250. Therefore, the only question is

whether the amount granted was an abuse of discretion.[1] No evidence was presented regarding the extent of fees incurred. Considering the extent of the parties' property and the record before us, the court did not manifestly abuse its discretion.

Finally, we disagree with Mrs. Sanchez' contention the court's distribution of the property and refusal to grant maintenance was an abuse of discretion. She admits on appeal the court's distribution was apparently designed to balance the contributions made by Mr. Sanchez to Mrs. Sanchez' property and her dissipation of his property. Although the court noted Mrs. Sanchez testified she had multiple sclerosis, it found there was no evidence of the extent of the disease's current progress. The evidence did show Mrs. Sanchez had a job in the prison library and her condition did not interfere with that job; however, upon release, she had not sought similar work. She testified she was quite certain she was going to receive social security. There was no abuse of discretion. *Baker v. Baker*, 80 Wn.2d 736, 498 P.2d 315 (1972).

Affirmed.

McINTURFF, C.J., and MUNSON, J., concur.

---

[1]Since the court granted attorney's fees, we need not reach the parties' argument regarding whether the court erred in reasoning in its oral opinion the attorney's fees provision was void because it encourages divorce.