\*JOSHUA W. REDMAN, RESPONDENT, v. GEORGE [247] W. BELLAMY, APPELLANT.

ESTOPPEL OF MORTGAGOR.—In an action of ejectment, brought by a purchaser at Sheriff's sale, under a decree of foreclosure and sale of mortgaged premises, to recover the same against the mortgagor in possession, the mortgagor is estopped from setting up title in another as a defense to the action.

APPEAL from the Seventh Judicial District.

This was an action of ejectment brought in the County of Santa Clara, by the plaintiff, as a purchaser at Sheriff's sale, to recover a tan-yard, and other real estate in said county, adjoining the town of Santa Clara. The venue for the trial, by consent of parties, was changed to Contra Costa County, and the case tried by the Court without a jury. The material facts of the case, as found by the Court, were as follows: First, that the defendant was then and had been in possession of the lands in dispute since 1845; second, that on the 2d of December, 1850, the defendant was appointed, by the Probate Court of Santa Clara County, administrator of the estate of Thomas Park, deceased, and on the same day gave bonds in the sum of $6,000 for the faithful discharge of the duties of his office, in which bond Peter J. Davis and James T. Reed were his sureties; third, that on the 27th day of October, 1851, the defendant executed to his said sureties a mortgage of the property in

question, to indemnify them against their liability on the said official bond; fourth, that on the 7th of February, 1852, the defendant and his sureties confessed judgment in the action of the People, for the use Paby & Co., on the said official bond, against them, for the sum of $583 and costs, money of the estate of the said Parks due them, received and squandered by the said Bellamy, as administrator; that on the same day, the said Bellamy confessed judgment to his said sureties, Davis & Reed, for the said sum, and authorized the Court to enter judgment against him of foreclosure and sale of the mortgaged premises, [248] which was * entered accordingly; that on these judgments, executions were immediately issued, and the mortgaged premises levied upon and sold to the plaintiff in said action, J. W. Redman, on the 5th of March, 1852, and that on the same day, John Yontz, the Sheriff of the County of Santa Clara, executed to him a good and sufficient deed therefor; fifth, that a few days before the Sheriff's sale, the defendant, in an another action at the suit of William C. Jones, served a notice on the Sheriff, claiming his homestead, etc., out of the property levied on in said action, being the same property in controversy; sixth, that the defendant was lawfully married to Maria Jesus de Bernal, now living with him as his wife, in the County of Santa Clara. Evidence to maintain each of the foregoing facts was offered by the plaintiff, and excepted to by the defendant, but it was admitted by the Court. The defense relied upon mainly by the defendant, in his answer, and at the trial, was, that he was not in possession in his own right; that the property belonged to his wife, and not to him; and to maintain this issue, offered evidence to show that Maria Jesus Bernal was his lawful wife, and was living with him, the defendant, on the land in question, which had been in their possession since 1845. Defendant also offered in evidence the original grant for the land, by Manuel Castro, December 7th, 1845, to Maria Jesus Bernal, together with the petition and proceedings thereon; also, the expediente, with the depositions of Pico, Yates and others, to which plaintiff objected. The evidence offered was excluded by

the Court, and defendant excepted. The defendant then offered the declaration of intention to pre-empt the said lands, made December 31st, 1849, which was also excluded on objection by plaintiff, to which defendant excepted.

On the foregoing facts, the Court decided: 1st, that the possession of defendant was *prima facie* evidence of a subsisting interest in the premises, capable of disposition; 2d, that the notice of claim of homestead by Bellamy, was not such a notification of what he regarded as his homestead, and his description thereof, as is required by law; 3d, that plaintiff, having purchased under the judgment, was entitled to every benefit which the judgment creditors could claim; 4th, that the de- * fendant having executed a     [249] mortgage to the judgment creditors, was estopped from denying title in himself, as to the plaintiff in this action; 5th, that the liability of defendant to Davis & Reed was incurred on the execution of the administrator's bond prior to the going into effect of the "Act to Exempt the Homestead,' etc., from forced sale; that the judgment of *devastavit* and foreclosure of mortgage, only made the liability a debt, and that consequently no homestead was exempt from sale for this debt or liability, and that the plaintiff occupied the position of the judgment creditors; 6th, that the plaintiff was entitled to recover possession of the lands and tenements described in the complaint. Judgment accordingly for possession and costs.

From this judgment of the Court, and the order denying a new trial, the defendant appealed, assigning as errors the admission of the plaintiff's evidence, the exclusion of defendant's, and the judgment of the Court.

*A. J. Yates*, for Appellant.

There can be no alteration or incumbrance of the homestead by the husband without the assent of the wife. (*Cook* v. *McChristian*, ante p. 23; *Taylor* v. *Hargous, post.* The wife has an interest in the homestead which cannot be divested by the suit or decree against the husband. Therefore, when it appears from the record that she is substantially in-

terested in the result, if she was not made a party, it is ground for a bill of review. (7 B. Mon. 351; 8 U. S. Digest, 140, § 489; 3 Daniel Ch. 1667; 1 Barb. Ch. 369; 2 Johns. Ch. 488; 3 Paige, 368.)

*A. Redman,* for Respondent.

The plaintiff's evidence was properly admitted. (12 Johns. 214.) Defendant is estopped by his mortgage from denying ittle in himself, and from setting up title in a third person. (15 Wend. 617; 3 Comyn, 534; Tillinghast on Eject. p. 32; 18 Johns. 7.) Defendant's liability accrued before the passage of the Homestead Act. Defendant failed to notify the Sheriff of his intention to claim a homestead, as required by the third section of the Act. (Acts of 1851, p. 297.)

[250]       *Mr. Justice HEYDENFELDT delivered the opinion of the Court.    Mr. Ch. J. MURRAY concurred.

The plaintiff claims under a Sheriff's sale. The execution was upon a decree of foreclosure of a mortgage, executed and given by the defendant. He is therefore estopped from setting up the defenses attempted in this case. So we decided in the case of *Tartar* v. *Hall,* 3 Cal. 263.

Judgment affirmed.

Motion for a rehearing and review denied.