[No. 723.    Decided March 25, 1893.]

SCHWABACHER BROS. & COMPANY, *Appellant*, v. H. G. VAN
REYPEN AND CARMI DIBBLE, *Respondents*.

HUSBAND AND WIFE—MORTGAGE EXECUTED BY HUSBAND—FORE-
CLOSURE.

Although a mortgage of real estate may have been executed by
the husband alone, foreclosure thereof may be had, when the mort-
gage itself declares that the maker is an unmarried man, and there
is little or no testimony showing knowledge on the part of the
mortgagee of the maker's marriage.

*Appeal from Superior Court, Whatcom County.*

*Metcalfe, Little & Jurey*, for appellant.

*Black & Leaming*, for respondents.

The opinion of the court was delivered by

HOYT, J.—The rulings of this court in the cases of *Sad-
ler v. Niesz*, 5 Wash. 182 (31 Pac. Rep. 630), and *Nuhn v.
Miller*, 5 Wash. 405 (31 Pac. Rep. 1031), are decisive of
this case, unless we find from the proofs that the appellant
had notice of the fact that the respondent Van Reypen was
a married man at the time the mortgage was made, or had
such knowledge upon the subject as would lead a man of
ordinary prudence to further investigation in regard to the
matter.    We have examined the proofs offered by the re-
spective parties upon this question, and are satisfied that the
fact of such knowledge or information is not established
thereby.    To begin with, there is the solemn declaration
in the mortgage itself that the maker thereof was an un-
married man.    And there is little or no testimony that was
actually given at the trial to show any knowledge on the
part of the appellant that he was in fact married.    Such re-
spondent himself testified in a general way that it must
have been understood that he was married, but he failed to
enter into details or give any particular conversations when,
or by means of which, such knowledge was brought home

to the appellant.  This testimony on the part of such respondent is all there is in the record tending to show such knowledge excepting the fact that there is an admission that a man by the name of Jones would testify that at one time Mr. Goldsmith, then acting for the appellant as its agent, was informed that such marriage existed, but in opposition to this admission is the further one that said Goldsmith would, if present, testify that he never received such information, and that he in no way understood or had any reason to believe that such respondent was a married man.

Respondents have in their brief attempted to make something out of the admission contained in the record that, in the final proof submitted at the time title to the land covered by the mortgage was obtained, said Van Reypen stated that he was a married man, but we are unable to see how the fact that such a statement was contained in such proof in any way tended to bring the matter home to the appellant.  It is true the testimony shows that an examination of the records was made by its attorneys before it took the mortgage, but there is nothing to show that they ever saw this final proof, or in any manner were informed of the fact of such marriage.

As this case so clearly falls within the rulings in the two cases above cited upon the other questions involved, it is not necessary that we should say more than that this case, and the apparent deliberate attempt on the part of the respondent Van Reypen to defraud those with whom he had dealt as an unmarried man, well illustrate the necessity of the rule promulgated in those cases.

The judgment must be reversed, and the cause remanded with instructions to enter a decree in favor of appellant for the foreclosure of the mortgage.

Scott and Stiles, JJ., concur.

Anders, J., not sitting.