[No. 2153.   Decided May 18, 1896.]

THE CANADIAN AND AMERICAN MORTGAGE AND TRUST COMPANY, *Respondent*, v. W. B. BLOOMER, *Appellant*.

MORTGAGES — EXECUTION BY HUSBAND AS UNMARRIED MAN — ESTOPPEL.

One who executes a mortgage representing himself to be a single man is estopped from denying its validity on the ground of his marriage and the failure of his wife to join therein.

The presumption of a continuance of the marriage relation, shown to have once existed, is overcome by proof that for more than thirty years the parties have lived in different states, and have had no communication with or knowledge of one another for more than ten years, while the alleged wife has for many years been living with another man as his wife and going by his name.

An innocent mortgagee of land is not subject to the claim of a wife of the mortgagor, who for more than thirty years had lived apart from him in another state, while he represented himself, and was understood in the locality where he resided, to be a single man.

Appeal from Superior Court, Whitman County.— Hon. E. H. SULLIVAN, Judge.   Affirmed.

*Trimble & Pattison*, for appellant.

*Chadwick, Fullerton & Wyman*, for respondent.

The opinion of the court was delivered by

Hoyt, C. J.—Appellant borrowed of the plaintiff a large sum of money, and to secure the same executed a mortgage upon his farm, in which mortgage he was described as an unmarried man.   In a suit brought to foreclose such mortgage he set up as a defense the alleged fact that at the time of its execution he was a married man, and that his wife did not join in the mortgage, and claimed that by reason of her not having joined in its execution the mortgage was void and could not be enforced.   The cause was tried upon the issues raised by this answer, and findings made by the superior court as to both fact and law adverse to the claim of appellant, which findings are sought to be reversed by this appeal.

It is not necessary for the purposes of this case that we should discuss many of the legal questions sought to be raised in the briefs, and for the reason that there was no oral argument on the part of the appellant while there was such argument on the part of the respondent, we shall content ourselves with discussing only those questions which are necessarily involved.

After an examination of the facts shown by the record, as to which there is little dispute, we are satisfied that the decree of the lower court can be sustained upon any one of several distinct propositions:   (1) For the reason that under the circumstances of this case the appellant is estopped from denying the validity of the mortgage, even if his wife, if he had one, could successfully attack it.   In executing the mortgage he represented himself as a single man, and the circumstances justified a reliance by the plaintiff upon such representation.   By reason thereof he obtained the money of the plaintiff, and relying thereon, plaintiff paid it to him; and this being so he is estopped

from denying the truth of that upon which both parties acted in the making and acceptance of the mortgage. (2) The proof failed, for two reasons, to show that he had a wife living at the time of the execution of the mortgage: *First,* there was no sufficient proof that the marriage relation had ever been entered into between himself and the woman whom he claimed to have been his wife. It is true he testified in general terms that he was married to her, but in view of the circumstances of the case, that bare statement, unaccompanied by any proof of co-habitation between the parties, or reputation regarding them, was not sufficient to require a finding on the part of the trial court that he and his alleged wife had ever been married; *second,* even if there was sufficient proof that the marriage relation had once existed, the circumstances shown were sufficient to overcome the presumption that a relation once shown to exist will be presumed to continue until the contrary appears. The undisputed proof shows that for a period of over thirty years his alleged wife was living in some of the eastern states, while he was upon the Pacific Coast, during which, for periods of at least ten years at a time there was no communication between them or knowledge on the part of either that the other was alive; that after the lapse of one or more of these periods the alleged wife was living with another man as his wife and going by his name. These circumstances were sufficient to overcome the presumption that she was then the wife of the appellant, even if the marriage had been proven. (3) The fact that for thirty years or more he and his wife had not been living together, and that she had never been in this state where he had been living for many years, during all of which it had been understood that he was a single man, well justified

the court, under the rule laid down in the case of *Sadler v. Niesz*, 5 Wash. 182 (31 Pac. 630, 1030), in holding that the wife had no interest in the property covered by the mortgage which could be enforced against an innocent grantee of the husband.

In reference to this question it is claimed upon the part of the appellant that the plaintiff had knowledge of the fact that he had a wife at the time the mortgage was executed, and for that reason was not an innocent grantee. But the evidence fails to satisfy us that the plaintiff had any such knowledge; first, for the reason that it does not sufficiently show that the person to whom it was alleged such knowledge was communicated was the agent of the plaintiff; and, second, it does not show that enough was said to this person to warrant him in acting upon the assumption that the appellant had a wife. The most that what was said tended to show was that he was at one time a married man, but that he had not been living with his wife for more than thirty years, and did not claim that she was his wife at that time, but, on the contrary, stated that which might well lead to the belief that there had been a divorce between them.

The decision of the trial court could probably be justified for other reasons sufficiently apparent from an inspection of the record, but what we have said is sufficient to show that in our opinion the trial court was abundantly justified in decreeing a foreclosure of the mortgage. Such decree will therefore be in all things affirmed.

SCOTT, DUNBAR, ANDERS and GORDON, JJ., concur.