[No. 11618.  Department One.  April 27, 1914.]

## LEROY B. WAY, *Respondent*, v. LYRIC THEATER COMPANY et al., *Appellants*.[1]

APPEAL—PRESERVATION OF GROUNDS — EXCEPTIONS — SUFFICIENCY. One general exception to separate findings of fact and conclusions of law is not sufficient to secure a review of the evidence.

HUSBAND AND WIFE—COMMUNITY PROPERTY AND DEBTS—PRESUMPTIONS. Notes given by a corporation and married men, who were stockholders, for the purchase of an automobile to be used as a prize for the benefit of the corporate business, are presumptively for the benefit of the communities, and create a community debt, unless the presumption is rebutted by showing that the stock was the separate property of the husbands; the test being whether the transaction was carried on for the benefit of the community, not whether it resulted in a profit.

EVIDENCE—PAROL EVIDENCE—TO VARY NOTE—SIGNING AS OFFICERS. Where a joint note purports to be signed by a corporation and certain individuals, the latter cannot show that they signed in their official capacity only, and were not individually liable.

Appeal from a judgment of the superior court for Spokane county, Yakey, J., entered December 3, 1912, upon findings in favor of the plaintiff, in an action on contract, tried to the court.  Affirmed.

*John Salisbury*, for appellants.

*Tolman & King*, for respondent.

GOSE, J.—This is an action by the plaintiff as an indorsee, to recover upon four promissory notes, each of which is in the following form, except as to the date of maturity and with the further exception that one of the notes is drawn for $50:

[1]Reported in 140 Pac. 320.

Spokane, Washington, Sept. 7, 1911.
Four months after date we promise to pay to the order of Amer-
ican Manufacturing Company $100.00 at our place of business, for
value received..  ·              .        Lyric Theater Company
                                          Bert Muma
                                .         Theodore Peterson
                                          James Anderson
                                          G. H. Mueller.

The defendants other than the Lyric Theater Company, a
corporation, answered jointly, alleging, in substance, (a)
that the defendants husband executed the notes as officers
and trustees of the corporation defendant, and for and on
its behalf, and not otherwise, and that no consideration
moved to them personally; and (b) that the respective com-
munities received no benefit from the transaction. A judg-
ment was entered against the defendant husbands personally,
and against the several communities. This appeal followed.

The court made five separate findings of fact, each of
which bears a distinctive number. At the foot of the findings
and conclusions of law, the appellants noted the following
exception: "The defendants except to the above findings of
fact and conclusions of law by their attorney . . . .,
which exception is allowed." The exception, under the re-
peated and uniform decisions of this court, is not sufficient to
entitle the appellants to a review of the evidence. *Pease v.
Clayton*, 62 Wash. 26, 112 Pac. 943, and cases there cited
and reviewed.

Including other findings not here especially pertinent, the
court found:

"(2)   That heretofore, to wit, on the 7th day of Sep-
tember, 1911, the defendants herein, being indebted to the
American Manufacturing Company in the sum of $350, as
evidence thereof made, executed, and delivered to the Amer-
ican Manufacturing Company in the City of Lexington,
Tennessee, their three certain promissory notes of even date
for $100 each, due respectively one, two and four months
after date, and at the same time and for the same considera-
tion, made, executed, and delivered their one promissory note
for $50 due three months after date. . . . (3) That said

notes were executed in consideration of the sale and delivery by said American Manufacturing Company to said Lyric Theater Company (of which company the said Bert Muma, Theodore Peterson, James Anderson and G. H. Mueller were at the time of the execution of said notes stockholders) of one automobile; that said automobile was purchased for the use and benefit of said corporation and for the use and benefit of the stockholders thereof, and said auto was delivered to and received by said corporation."

The findings support the judgment.

We have held that a note given by a married man who is a stockholder in a corporation, for the benefit of the corporation, is presumed to evidence a transaction for the benefit of the community. This presumption might be rebutted by showing that the corporation stock was the separate property of the husband. *Horton v. Donohoe-Kelly Banking Co.*, 15 Wash. 399, 46 Pac. 409, 47 Pac. 435.

It is contended that the court rejected evidence showing that the appellants other than the corporation executed the note in their official capacity only, and hence incurred no liability either separate or community. The rule is that, where the note purports to be the joint or joint and several obligation of a corporation and certain individuals, the latter cannot show that it was intended to create an obligation against the corporation only. *Toon v. McCaw*, 74 Wash. 335, 133 Pac. 469. In that case, we said:

"The note imports a joint obligation of the appellants, and they have sought to plead and prove that, while they apparently executed the note in their individual capacity, they intended in fact to execute it as the note of the defendant corporation only. This would be to create an ambiguity where none exists and to make for the parties a contract which they did not make for themselves."

The appellants complain that they were not permitted to show that the notes did not evidence a community transaction. On the contrary, they proved affirmatively that the automobile, which represented the consideration for the notes, was purchased to be offered as a prize to attract patronage to

the theater and thereby increase its earnings. These earn-
ings would, of course, be to the advantage of all the stock-
holders, including the communities composed of the stock-
holders and their wives, in the absence of a showing that the
stock was the separate property of the husbands. The fact
that no profit resulted is immaterial. The test is, was the
transaction carried on for the benefit of the community; not
whether it resulted in a profit.

The judgment is affirmed.

Crow, C. J., Ellis, Main, and Chadwick, JJ., concur.