[Civil No. 2392.   Filed November 21, 1925.]

[240 Pac. 1029.]

E. G. MONAGHAN, as Administratrix of the Estate of JOSEPH R. McCONNELL, Deceased, Appellant, v. ARCHIE F. MAXWELL and M. A. MAXWELL, His Wife, Appellees.

1. EXECUTORS AND ADMINISTRATORS—ASSIGNMENT OF ERROR, BASED ON ORIGINAL PRAYER, BECAUSE NOT WAIVING ALL RECOURSE AGAINST OTHER PROPERTY OF DECEASED'S ESTATE, HELD NOT WELL TAKEN. In suit against administratrix to foreclose mortgage on realty, assignment of error, based on failure of original prayer to waive all recourse against other property of deceased's estate, as required by Civil Code of 1913, paragraph 889, *held* not well taken, where express waiver was set up in body of amended complaint, and court on motion struck out demand for counsel fees.

2. HUSBAND AND WIFE—JUDGMENT FORECLOSING REAL ESTATE MORTGAGE OF COMMUNITY PROPERTY, EXECUTED BY DECEASED WITHOUT WIFE JOINING, HELD PROPER AS AGAINST ADMINISTRATRIX.—A judgment foreclosing a real estate mortgage of the community property, which was executed by deceased without having his wife sign the instrument as required by Civil Code of 1913, paragraphs 2061, 3850, *held* proper as against administratrix, where deceased if alive would have been estopped to claim absence of wife's signature invalidated the mortgage, and the widow was not a party to the action nor asked to be made such.

See (1) 24 **C. J.**, p. 848 (Anno.).   (2) 31 **C. J.**, p. 128 (Anno.).

APPEAL from a judgment of the Superior Court of the County of Yavapai.   Richard Lamson, Judge. Affirmed.

Mr. Thomas Nealon and Mr. M. E. Cassidy, for Appellant.

Messrs. White & McMurchie, for Appellees.

LOCKWOOD, J.—Archie F. Maxwell and M. A. Maxwell, his wife, hereinafter called plaintiffs, began

their suit in the superior court of Yavapai county against E. G. Monaghan, as the administratrix of the estate of Joseph R. McConnell, deceased, hereinafter called defendant. An amended complaint was filed, the allegations of which are in substance as follows: Defendant's decedent, on January 19th, 1922, borrowed from plaintiffs, $250, giving his promissory note therefor and a mortgage on lot 2 of the Allandale tract in Yavapai county to secure the same, the mortgage being duly signed and acknowledged by McConnell alone. The latter died intestate in Yavapai county some months later, and defendant was duly appointed and qualified as administratrix of his estate. The amended complaint expressly waived all recourse against any other part of the estate of deceased, and prayed for judgment and the usual foreclosure of the mortgage.

A general demurrer and certain motions to strike were filed by defendant and ruled upon, and the case set down for trial. At the time of the trial the attorney for defendant filed an amended answer, admitting the execution of the note and mortgage, but alleging the latter to be void for the reason that McConnell was married at the time of its execution, the land being then community property, and his wife not joining in the mortgage. He then moved for a continuance, and presented an affidavit to the effect that the testimony of Mrs. Joseph R. McConnell was necessary for the defense, and that if she were present she would testify "that she was the wife of Joseph R. McConnell on the nineteenth day of January, A. D. 1922, and that on said date and at the present time she held a community interest in lot 2 of the Allendale tract, . . . and that said described property was community property on said date, and that said property was the common property of Mrs. Joseph R. McConnell and her husband on said date. . . . "

Plaintiff's attorney admitting that such testimony would be given by the absent witness if present, the case went to trial before the court without a jury, and, to meet the allegations of the affidavit aforesaid, plaintiff Maxwell testified that decedent had lived on the property mortgaged as a single man for some three or four years prior to the execution of the mortgage, that no one was living with him during that time, that no woman had been around the place, and that decedent stated he was an unmarried man, and defendant Maxwell relied on such statement in making the loan. This testimony was not contradicted by defendant.

The court rendered judgment foreclosing the mortgage, and after the usual motion for new trial had been made and overruled, defendant appealed to this court.

There are some six assignments of errors. The first is that the prayer for relief did not waive all recourse against any other property of the estate of the deceased as required by section 889, Civil Code, Revised Statutes of Arizona of 1913, when no formal claim is filed against the estate. It appears, however, that an express waiver was set up in the body of the amended complaint, and the court on motion struck out the demand for counsel fees. We think the first assignment is not well taken.

The second assignment is that the court erred in not continuing the case on motion of defendant. Defendant admits, however, in her brief that the error, if any, was cured by the admission of the affidavit setting up the testimony of Mrs. McConnell, so we need not consider it.

All of the other assignments go to raise what is the real point in the case, to wit, that since decedent was married at the time he executed the mortgage in question and the property was the community estate of

himself and wife, under the provisions of paragraphs 2061 and 3850, Civil Code, Revised Statutes of Arizona of 1913, the mortgage was void. These paragraphs read as follows:

"2061. No conveyance, transfer, mortgage or encumbrance of any real estate which is the common property of husband and wife, or any interest therein, shall be valid unless such conveyance, transfer, mortgage or encumbrance shall be executed and acknowledged by both the husband and wife. . . . "

"3850. All property acquired by either husband or wife during the marriage, except that which is acquired by gift, devise or descent, or earned by the wife and her minor children, while she has lived or may live, separate and apart from her husband, shall be deemed the common property of the husband and wife, and during the coverture personal property may be disposed of by the husband only; but the husband and wife must join in all deeds and mortgages affecting real estate except unpatented mining claims. . . . "

It will be noted that Mrs. Joseph R. McConnell was not made a party to the original action, neither did she file a petition to intervene, nor did defendant ask that she be brought in. The suit was originally filed against the personal representative of Joseph R. McConnell alone, and is on appeal in this court as such suit, without any effort being made to have his wife brought in as a party.

Whatever may be the rule in case Mrs. McConnell should appear in court asserting her right or interest in the alleged community estate, since the undisputed testimony is to the effect that Joseph R. McConnell represented himself as an unmarried man, and that plaintiffs had relied upon that representation in making the loan, we think there can be no question that Joseph R. McConnell himself, both in equity and in law, would have been estopped from setting up his

own fraud to defeat his mortgage. *Canadian & American Mortgage & Trust Co., Ltd.,* v. *Bloomer,* 14 Wash. 491, 45 Pac. 34; *Redman* v. *Bellamy,* 4 Cal. 247; 21 C. J. 1067, 1068.

The administratrix may not now assert what her intestate could not set up if alive; and the judgment of the court foreclosing the mortgage as against her was correct and is affirmed.

McALISTER, C. J., and ROSS, J., concur.