[No. 26656. Department One. June 21, 1937.]

A. D. CAMPBELL, *Appellant,* v. W. P. SANDY, *Defendant,* LYLE LANCASTER, *Respondent.*[1]

[1]Reported in 69 P. (2d) 808.

P. C. *Kibbe,* for appellant.

W. J. *Murphy* (*T. H. McKay,* of counsel), for respondent.

Blake, J.—August 24, 1934, the defendant W. P. Sandy executed a mortgage on real estate to plaintiff. The mortgage recited that Sandy was "a single man by divorce." Sandy being in default, plaintiff brought this action to foreclose, joining Lancaster as a defendant, "who has and claims some interest" in the mortgaged premises. Sandy defaulted. Lancaster answered, alleging that in March, 1935, he instituted a suit against Sandy, and had caused an attachment to be levied on the real estate described in the mortgage; that thereafter he obtained judgment against Sandy; that execution issued on the judgment; that he had become the purchaser of the property at the execution sale and had received a certificate of sale from the sheriff; that Sandy was a married man at the time he executed and delivered the mortgage to plaintiff.

The lower court entered a decree adjudging

". . . the mortgage of plaintiff . . . void and subordinate to the judgment and certificate of sale of . . . Lancaster because not signed by the wife of W. P. Sandy." .

Plaintiff appeals.

The facts alleged in Lancaster's answer are borne out by undisputed evidence. It does appear, however, that Sandy had been living separate and apart from his wife for four years or more at the time he executed and delivered the mortgage to appellant. It also appears that he acquired title to the property

only about four months prior to the execution of the mortgage. Despite its recent acquisition, however, it was community property. For there is no suggestion in the record that it was acquired "by gift, bequest, devise, or descent." Rem. Rev. Stat., §§ 6890, 6892 [P. C. §§ 1432, 1433].

On the other hand, the judgment obtained by respondent was presumptively a community liability and a lien on community property. *Calhoun v. Leary*, 6 Wash. 17, 32 Pac. 1070; *Mattinson v. Mattinson*, 128 Wash. 328, 222 Pac. 620; *Lino v. Hole*, 159 Wash. 16, 201 Pac. 1079. There is no evidence in the record tending to overcome the presumption.

So the sole question is whether the mortgage executed by Sandy effected a valid encumbrance on community property. Rem. Rev. Stat., § 6893 [P. C. § 1434], provides that the husband shall have the management and control of the community property,

". . . but he shall not sell, convey, or encumber the community real estate, unless the wife join with him in executing the deed or other instrument . . ."

Notwithstanding this, appellant contends that the mortgage is a valid encumbrance, in view of the provisions of Rem. Rev. Stat., § 10578 [P. C. § 1449]. That section provides that a husband or wife who, by virtue of the marriage relation, claims an interest in real estate, standing in the name of the other, may protect such interest by filing with the county auditor an instrument setting forth the facts. In the absence of such a declaration within ninety days after legal title to property has been made a matter of record, the statute declares:

". . . any actual bona fide purchaser of such real estate from the person in whose name the legal title stands of record, receiving a deed of such real estate from the person thus holding the legal title, shall be

deemed and held to have received the full legal and equitable title to such real estate free and clear of all claim of the other spouse."

The court, however, has construed the quoted portion to mean

". . . such persons as purchase *without knowledge of the existence of the marriage relation, or who could not, with reasonable diligence, have obtained such knowledge.*" (Italics ours.) *Dane v. Daniel,* 23 Wash. 379, 63 Pac. 268.

Applying this rule, the court has held in a number of cases that a wife would not be heard to challenge the validity of a deed or mortgage executed by the husband alone where the marital relation had never been established or maintained in this state. *Sadler v. Niesz,* 5 Wash. 182, 31 Pac. 630, 1030; *Nuhn v. Miller,* 5 Wash. 405, 31 Pac. 1031, 34 Pac. 152, 34 Am. St. 868; *Schwabacher Bros. & Co. v. Van Reypen,* 6 Wash. 154, 32 Pac. 1061; *Canadian & American Mortgage & Trust Co. v. Bloomer,* 14 Wash. 491, 45 Pac. 34; *Daly v. Rizzutto,* 59 Wash. 62, 109 Pac. 276, 29 L. R. A. (N. S.) 467; *Magee v. Risley,* 82 Wash. 178, 143 Pac. 1088. In all these cases, the husband had left his wife in some other state and had lived in this state many years, representing himself as a single man. The gist of the holding in each of these cases is that, under such circumstances, the wife is estopped from claiming a community interest in the property against a *bona fide* purchaser or encumbrancer.

But in no case to which our attention has been called has the doctrine of estoppel been invoked against a wife where it appears that the marital relation has been established and maintained in this state prior to the execution of a deed or mortgage by the husband. Just from reading the opinion in *Schwabacher Bros. & Co. v. Van Reypen, supra,* the fore-

going statement might appear to be unwarranted. From the statement of facts, however, it appears that Van Reypen left his wife in New York ten years before the mortgage was executed, and that they had never lived together in this state.

We are not willing to extend the rule of the above cited cases to facts so dissimilar as appear from the record in the instant case. While the record is somewhat meager, it sufficiently appears that the Sandys had maintained the marital relation within this state. By exercising reasonable diligence, appellant could have ascertained not only that fact, but also the fact that they had not been divorced. For Mrs. Sandy was then living with their children within fifteen miles of the place where the mortgage was executed. Instead of making inquiry, appellant was content to accept the word of Sandy that he was "a single man by divorce."

Under the rule of *Dane v. Daniel, supra,* appellant cannot be held to be a *bona fide* encumbrancer of the property. His mortgage is invalid, not only as against Mrs. Sandy, but as against respondent, a subsequent encumbrancer. See *Adams v. Black,* 6 Wash. 528, 33 Pac. 1074; *Dane v. Daniel, supra.*

Judgment affirmed.

MILLARD, MAIN, GERAGHTY, and ROBINSON, JJ., concur.