[No. 31513. Department One. December 28, 1950.]

F. C. WHITEHEAD et al., *Appellants*, v. BALDWIN J. SATRAN et al., *Defendants*, D. D. JONES, *Respondent*.[1]

*Leon L. Wolfstone,* for appellants.

*Will G. Beardslee* and *Lynn J. Gemmill,* for respondent.

SCHWELLENBACH, J.—Plaintiffs, having commenced an action against defendants in the amount of $783.67, obtained a writ of garnishment against D. D. Jones, d/b/a Hob

[1]Reported in 225 P. (2d) 888.

Nobbers Tavern, requiring him to answer in what amount, if any, he was indebted to defendant Satran. Upon the failure of the garnishee defendant to answer the writ, default judgment was rendered against him February 23, 1950, in the amount of $783.67, plus interest and costs. A motion to set aside the default judgment was made March 1, 1950. Accompanying the motion was an answer denying that the garnishee defendant was indebted to defendant Satran at the time of the service of the writ or at any time thereafter. This motion was denied March 31, 1950. No appeal was taken from the judgment or the order denying the motion.

April 6, 1950, plaintiffs moved for the issuance of a charging order as provided in Rem. Supp. 1945, § 9975-67. In response thereto, the garnishee defendant moved for an order fixing the status of the default judgment to be the separate obligation of D. D. Jones and not against the community composed of himself and wife. After considering the motions, supported by affidavits, the trial court entered an order fixing the status of the default judgment entered February 23, 1950, as a separate obligation and specifically exempting the community from liability thereon. This appeal follows.

■ The writ of garnishment was directed to the husband alone and the default judgment was against him alone. A judgment against a married man is presumptively a community liability. *Campbell v. Sandy,* 190 Wash. 528, 69 P. (2d) 808; *Meng v. Security State Bank,* 16 Wn. (2d) 215, 133 P. (2d) 293. This is not a conclusive presumption, however, and it may be overcome by a showing by either spouse that it was a separate obligation. *Merritt v. Newkirk,* 155 Wash. 517, 285 Pac. 442.

■ The matter was heard by the trial court on motions and affidavits in support thereof, no oral testimony having been taken. The record on appeal, therefore, consists only of the transcript of the record. Included in the transcript is a letter by the trial court in the form of a memorandum opinion. No citation of authority is necessary for the rule so many times stated by us, that, on appeal, we will not

consider a memorandum opinion unless it is incorporated as a part of the statement of facts.

■ This court has held in a long line of decisions that affidavits used in the trial court are not a part of the record and will not be considered on appeal unless brought into the record by a bill of exceptions or statement of facts. *Whittaker v. Weller*, 21 Wn. (2d) 716, 152 P. (2d) 957, 155 P. (2d) 284.

However, it is also the rule that where an affidavit is clearly identified as a part of a motion to which it is attached, or is referred to and identified in the order determining the motion to which it relates, it need not be brought up on appeal by a bill of exceptions or statement of facts, but may become a part of the record by inclusion in the transcript certified by the clerk. *Whittaker v. Weller, supra.* In the case at bar the affidavit of respondent, in support of his motion to have the status of the judgment determined to be his separate obligation rather than that of the community, was clearly identified as a part of the motion to which it was attached.

The affidavit stated that he was married in October, 1938, and that his interest in the Hob Nobbers Tavern was acquired March 1, 1947, with funds acquired subsequent to his marriage. That allegation would not overcome the presumption that this was a community obligation. It would tend to verify the presumption.

■ The affidavit further stated that, at the time the writ of garnishment was served upon him (upon which default judgment was entered), the defendant, Baldwin J. Satran, was an employee of his, but that he did not owe Satran anything upon the date of the service of the writ. The trial court, in ruling upon the motions then before him, could not consider such an allegation. A judgment against respondent had been entered by one judge of the superior court for King county. A second judge had denied respondent's motion to set aside the judgment. No appeal was taken from the judgment or the order denying the motion to set it aside. Clearly, a third judge, in ruling

on a motion such as this, could not reconsider a matter which had already been determined in the same jurisdiction.

We find nothing in the record to overcome the presumption that the judgment rendered against respondent was a community obligation, and the order appealed from is reversed.

BEALS, HILL, GRADY, and DONWORTH, JJ., concur.