[No. 3693–II.   Division Two.   June 6, 1980.]

OIL HEAT COMPANY OF PORT ANGELES, INC., *Appellant,* v. D. D. SWEENEY, ET AL, *Respondents.*

*William McDowell,* for appellant.

*J. Rex Behrhorst,* for respondents.

PETRICH, J.—Oil Heat Company of Port Angeles, Inc., has appealed the decision of the trial court which found no community liability for a debt incurred by D. D. Sweeney, the defendant husband. We hold this to be erroneous and reverse.

In May 1977, officers of plaintiff Oil Heat Company agreed to deliver diesel fuel to D. D. Sweeney at a jobsite on Indian Island located in Jefferson County where he was working on a construction project for the Navy. Sweeney placed his credit account with plaintiff in the name of his business, Linars Construction Consultants, and provided a billing address in Port Angeles which was the family's home. None of the fuel was used at the Port Angeles home; all was delivered to Sweeney's jobsite on Indian Island. Sweeney did not pay for the fuel and owed over $1,600 to plaintiff when it ceased making deliveries in August 1977. Plaintiff eventually sued the marital community of D. D. and Myrna Sweeney to satisfy the debt. The amount of the debt and the fact that it remained unpaid were not disputed by the parties.

At trial Myrna Sweeney disputed community liability and argued that the debt was her husband's separate obligation. In support she presented evidence in an apparent attempt to show that she and her husband were living separate and apart at the time that he incurred the debt in May 1977, and, therefore, that no community existed to incur the obligation. In pursuance of this theory, Mrs.

Sweeney testified that she and her husband decided to separate in late 1976, and that in January 1977 she had a dissolution petition prepared, but not then filed. At this time Sweeney moved out of the Port Angeles home and apparently left the state. He returned to Washington prior to beginning work on the Navy contract in May 1977.

Mrs. Sweeney testified that her husband came home occasionally on weekends while he was working on the Indian Island project, but that the parties maintained no marriage relationship at these times. In December 1977, Sweeney again departed the area, and his whereabouts were unknown at the time of trial. Mrs. Sweeney testified further that, since her husband's departure from the family home in late 1976 or early 1977, she and her children have received no support from him, and the family has received no economic benefit from her husband's work on Indian Island. She filed a petition for dissolution of the marriage in April 1978, and the dissolution decree was entered in July 1978. Her testimony also indicated that she has received no property settlement or support as a result of the dissolution proceedings.

The trial court concluded that the debt incurred by D. D. Sweeney was his separate obligation after finding that the community received no benefit from the goods ordered pursuant to his contract with plaintiff. The primary issue presented on appeal is whether the trial court erred in refusing to characterize Mr. Sweeney's debt to plaintiff as a community obligation. We hold that the trial court's characterization of the debt was erroneous and reverse.

■■ A debt incurred by either spouse during marriage is presumed to be a community debt. *E.g., Fies v. Storey,* 37 Wn.2d 105, 221 P.2d 1031 (1950); *Oregon Improvement Co. v. Sagmeister,* 4 Wash. 710, 30 P. 1058 (1892); *National Bank of Commerce v. Green,* 1 Wn. App. 713, 463 P.2d 187 (1969). *See also* RCW 26.16.030 extending management authority to both spouses. It is well settled that this presumption may be overcome only by clear and convincing evidence. *Beyers v. Moore,* 45 Wn.2d 68, 272 P.2d 626

(1954); *Auernheimer v. Gardner,* 177 Wash. 158, 31 P.2d 515 (1934). When no community exists to incur liability because the parties are living separate and apart, the presumption may be overcome as community liability ordinarily will not attach to a marriage that is clearly defunct. *Dizard & Getty v. Damson,* 63 Wn.2d 526, 528–29, 387 P.2d 964 (1964); Cross, *The Community Property Law in Washington,* 49 Wash. L. Rev. 729, 829 (1974). However, mere physical separation of the parties does not establish that they are living separate and apart sufficiently to negate the existence of a community. *Kerr v. Cochran,* 65 Wn.2d 211, 224, 396 P.2d 642 (1964); *Rustad v. Rustad,* 61 Wn.2d 176, 180, 377 P.2d 414 (1963). *See also Campbell v. Sandy,* 190 Wash. 528, 69 P.2d 808 (1937). The test is whether the parties by their conduct have exhibited a decision to renounce the community, with no intention of ever resuming the marital relationship. *Togliatti v. Robertson,* 29 Wn.2d 844, 849, 190 P.2d 575 (1948); *Yates v. Dohring,* 24 Wn.2d 877, 881, 168 P.2d 404 (1946); Cross, *supra* at 753. *See also Fielding v. Ketler,* 86 Wash. 194, 149 P. 667 (1915); *Makeig v. United Security Bank & Trust Co.,* 112 Cal. App. 138, 296 P. 673 (1931); *Succession of Le Jeune,* 221 La. 437, 59 So. 2d 446 (1952).

When these principles are applied to the present case, we must conclude that Mrs. Sweeney did not present the necessary quantum of proof to overcome the presumption of community liability. We note initially that the trial court made no finding that the parties were living separate and apart, or that the marriage was defunct, in May 1977 when the debt was incurred. The only findings made by the trial court relevant to its conclusion of law which characterized the debt are the findings that D. D. Sweeney did not support his family between May and August 1977, that he finally abandoned the family in December 1977, and that the community received no benefit from his contract with plaintiff.[1]

---

[1] The trial court's findings provide in pertinent part:

Neither of the first two findings listed above provides sufficient support for the court's conclusion that the debt is D. D. Sweeney's separate obligation since neither establishes by a clear preponderance of the evidence that the parties were living separate and apart on the critical date in May 1977. The fact that the community received no benefit from the contract is immaterial since the presumption of community liability will not be refuted if there was any expectation of community benefit from the transaction for which the debt was contracted. *Malotte v. Gorton,* 75 Wn.2d 306, 309, 450 P.2d 820 (1969); *Henning v. Anderson,* 121 Wash. 53, 55, 207 P. 1048 (1922); *Way v. Lyric Theater Co.,* 79 Wash. 275, 278, 140 P. 320 (1914); Cross, *supra* at 824. At the time that Mr. Sweeney incurred the debt in May 1977 there was at least the potential that its use in the Indian Island project could have some future financial benefit to the community, and, in the absence of a clear showing that the community had ended in May 1977, Sweeney's earnings from the project, if any, would be deemed community property. *See generally Kolmorgan v. Schaller,* 51 Wn.2d 94, 316 P.2d 111, 67 A.L.R.2d 704 (1957); *Fielding v. Ketler, supra* (holding that clear proof that the parties are living separate and apart must be shown before the earnings of married persons may be characterized as their separate property pursuant to the exception to the general rule of characterization contained in RCW 26.16.140).

---

"That during May of 1977 apparently the Defendant, D. D. SWEENEY, . . . obtained a U.S. Navy contract in Jefferson County, Washington and commenced a business for himself operating under the name of LINARS CONSTRUCTION CONSULTANTS. That during this period of time he only came home on a few weekends and from May through August of 1977 did not support his wife, MYRNA C. SWEENEY, nor his three minor children, nor pay any household expenses nor house payments from any income received nor any benefits derived from any agreement he may have made with the Plaintiff." Finding of fact No. 3.

"That on or about December 10, 1977, the Defendant, D. D. SWEENEY, abandoned his wife, three minor children and the family home and his whereabouts are presently unknown." Finding of fact No. 5.

"D. D. SWEENEY, Defendant, obtained goods and credit in his own name and for his own use and benefit, and none of said goods were consumed by the wife or children nor did they receive any benefit therefrom." Finding of fact No. 7.

The trial court's conclusion of law that the debt to plaintiff was the separate obligation of D. D. Sweeney is clearly not supported by its findings. We hold that the evidence presented by Mrs. Sweeney to refute community liability and the findings entered thereon did not meet the burden of proof necessary to overcome the presumption of community liability, and that the trial court erred in characterizing D. D. Sweeney's debt to plaintiff as a separate, not a community, obligation.

The trial court also concluded that it did not have jurisdiction over D. D. Sweeney because he was not personally served with process and that, presumably, it did not have jurisdiction to proceed against the community. Under the terms of RCW 26.16.030, which permits either spouse to manage community property, service of process upon either spouse and a resulting judgment for a community obligation is enforceable against the community. *Komm v. Department of Social & Health Servs.*, 23 Wn. App. 593, 598–99, 597 P.2d 1372 (1979). *See also United Pac. Ins. Co. v. Discount Co.*, 15 Wn. App. 559, 550 P.2d 699 (1976). Since it is undisputed that the defendant wife was personally served, the trial court had jurisdiction to proceed against the community.

The judgment of the trial court is reversed, and the cause is remanded with direction to enter judgment against the community.

PEARSON, A.C.J., and PETRIE, J., concur.