[No. 14014-1-I.  Division One.  August 20, 1986.]

ROBERT L. BRUBAKER, ET AL, *Appellants,* v. ROBERT L. HOVDE, ET AL, *Respondents.*

*Donald H. Hedges, Carleton Taber,* and *Lohrmann, Parker & Wolfram,* for appellants.

*Catherine Wright Smith* and *Edwards & Barbieri,* for respondents.

WILLIAMS, J.—Robert and Judith Brubaker appeal from the judgment dismissing their claims against the marital community of Robert and Mary Jane Hovde in an action on an earnest money agreement. We reverse.

On July 8, 1978, Robert Hovde agreed to purchase real property from the Brubakers, signing the earnest money agreement "Robert L. Hovde as a separate estate." Mr. Brubaker is a licensed real estate broker. The earnest money agreement provided, in part:

All development costs, platting, design work, etc. will be done at the sole expense of Purchaser. Purchaser agrees after closing to deed back to Seller lot 10 of subdivision, together with an easement for ingress and egress to said lot from Shell Park Road. . . .

. . . It is understood that the purchaser agrees to leave the barn and structures on Lot 10 intact and purchaser agrees to extend all utilities and improvements to Lot 10 property line. . . .

An exclusive right to sell homes and/or building sites will be granted to Seller . . .

Robert and Judith Brubaker conveyed the described prop-

erty by warranty deed to Robert and Mary Jane Hovde, who pledged it under a deed of trust to obtain a bank loan to pay for the purchase. In accordance with the earnest money agreement, the Hovdes executed a quitclaim deed back to the Brubakers for Lot 10 and an access easement thereto.

Mr. Hovde attempted to develop the property and in so doing installed a water main which encroached upon the Brubakers' land. He did not extend all utilities to Lot 10 and did not grant to Mr. Brubaker an exclusive right to sell homes and building sites, as required by the earnest money agreement. Hovde's efforts to develop the property were unsuccessful, resulting in the bank selling it to realize on the loan.

The Brubakers brought this action against both Robert and Mary Jane Hovde for breach of the earnest money agreement with respect to the provisions relating to Lot 10 and the general development of the entire property for multiple residential use, including the exclusive agency for Mr. Brubaker to sell homes and building sites, and for the encroachment of the water main. At the close of the Brubakers' case, the trial court dismissed the claims against the Hovde marital community pursuant to CR 41(b)(3), which provides:

*Defendant's Motion After Plaintiff Rests.* After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all of the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in rule 52(a).

The following commentary explains the rule:

The trial court may pass upon a motion to dismiss at the close of plaintiff's case and grant the motion as a

matter of law or fact. The trial court need not enter findings of fact if it decides as a matter of law that plaintiff has not made out a case. *Seattle v. Shepherd* (1980) 93 Wash.2d 861, 613 P.2d 1158. The entry of findings is an indication that the court weighed the evidence and made a decision as the trier of facts.

4 L. Orland, Wash. Prac., *Rules Practice* § 5502, at 243–44 (1983).

As no findings of fact or conclusions of law were entered with respect to the dismissal of the community, the court in effect ruled as a matter of law that Mr. Hovde's signing of the contract "as a separate estate" and Mr. Brubaker's being a licensed real estate broker established that the purchaser's promises in the earnest money agreement were the separate obligations of Mr. Hovde.

■ As was said in *Fies v. Storey,* 37 Wn.2d 105, 110, 221 P.2d 1031 (1950):

> The acid test to be applied in determining whether an obligation incurred by the husband is a community debt, is whether or not the transaction was intended to be for the benefit of the community. *Sun Life Assurance Co. v. Outler,* 172 Wash. 540, 20 P. (2d) 1110.

As to the encroachment, a similar rule is stated in *Kilcup v. McManus,* 64 Wn.2d 771, 781, 394 P.2d 375 (1964):

> A community is liable for the tort of either spouse if the tort is calculated to be, is done for, or results in a benefit to the community or is committed in the prosecution of the community business. *LaFramboise v. Schmidt,* 42 Wn. (2d) 198, 254 P. (2d) 485.

The presumption is that an obligation incurred or an enterprise undertaken by either spouse during marriage is for the benefit of the community. *Oregon Imp. Co. v. Sagmeister,* 4 Wash. 710, 711, 30 P. 1058 (1892). That the community receives no actual benefit from a transaction is of no consequence—there need only be a potential of benefit to the community. *Way v. Lyric Theater Co.,* 79 Wash. 275, 278, 140 P. 320 (1914); *Oil Heat Co. v. Sweeney,* 26 Wn. App. 351, 355, 613 P.2d 169 (1980). In addition, the community cannot accept the part of the contract which

redounds to its favor and repudiate the part which is against its interest. *See Huling v. Vaux,* 18 Wn. App. 222, 226, 566 P.2d 1271 (1977).

As the record now stands, there is no evidence, other than the form of Mr. Hovde's signature, to overcome the presumption that the earnest money agreement was a community obligation and the attempted development of the property was a community enterprise. Granting the motion to dismiss the claims against the Hovde community was, therefore, premature. The cause is remanded for further proceedings consistent with this opinion. The Brubakers are awarded $2,575 attorney fees and $892 costs for this appeal.

RINGOLD, A.C.J., and PEKELIS, J., concur.