FILED
COURT OF APPEALS
DIVISION II

2015 MAR 10 AM 8: 40

STATE OF WASHINGTON

BY_____
      DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| FRED HACKER, a married man, and JOHN HACKER, a single man, | No. 46158-7-II |
| Respondents, | |
| v. | |
| RICHARD FROST, | UNPUBLISHED OPINION |
| Appellant, | |
| TAMMIE FROST, | |
| Defendant. | |

JOHANSON, C.J. — Richard Frost appeals the trial court's summary judgment order in Fred and John Hacker's favor.[1] Richard argues that the trial court erred when it entered judgment against the marital community based on Tammie Frost's signature on a 2013 promissory note. Because there is no genuine dispute as to any material fact and Hacker is entitled to summary judgment as a matter of law, we affirm.

---

[1] We refer to the respondents, Fred and John Hacker, collectively as "Hacker" for convenience. We refer to Tammie and Richard Frost by their first names because their individual actions are important in this case, and we intend no disrespect.

FACTS

In 2004, Hacker loaned the Frosts money to buy a piece of real estate. Hacker also lent the Frosts additional sums at various times throughout the years. Although Hacker claims that the Frosts committed to pay the money back, these loans were not memorialized in writing.

In January 2013, after the statute of limitations had run on the Frosts' debts to Hacker, Tammie signed a promissory note that combined all of the debts, including interest.[2] Tammie also wrote Richard's name on the promissory note by hand.

In May 2013, having received no money from the Frosts, Hacker filed this suit against the Frosts and their marital community. Richard and Hacker filed cross motions for summary judgment. To support summary judgment, Hacker presented a copy of the 2004 check that he gave the Frosts for the real estate purchase, a copy of the promissory note, and his declaration. Richard filed only an affidavit stating that he never signed the promissory note, that Tammie had "supposedly" agreed to pay Hacker and added Richard's name by hand to the document, and that he had "nothing to do whatsoever" with the note. Clerk's Papers (CP) at 29. Notably, Richard's affidavit failed to state that (1) the marital community did not benefit from the promissory note, (2) the promissory note was a gift, or (3) Tammie lacked authority to sign the promissory note on behalf of the marital community. The trial court granted summary judgment against Tammie individually and the Frosts' marital community.

Richard appeals the trial court's order of summary judgment in Hacker's favor only as it applies to the Frosts' marital community.

---

[2] It is undisputed that the statute of limitations had run on all the debts when Tammie signed the promissory note.

2

No. 46158-7-II

ANALYSIS

Richard argues that Tammie lacked authority to bind the marital community after the statute of limitations had run because by signing the promissory note, she (1) made a gift of community property or (2) was not acting for the community's benefit. We disagree.

I. STANDARD OF REVIEW AND RULES OF LAW

We review a trial court's order granting summary judgment de novo. *Camicia v. Howard S. Wright Constr. Co.*, 179 Wn.2d 684, 693, 317 P.3d 987 (2014). Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). A fact is material when it "'affects the outcome of the litigation.'" *Elcon Constr., Inc. v. E. Wash. Univ.*, 174 Wn.2d 157, 164, 273 P.3d 965 (2012) (quoting *Owen v. Burlington N. & Santa Fe R.R. Co.*, 153 Wn.2d 780, 789, 108 P.3d 1220 (2005)). A party is entitled to summary judgment only where reasonable persons could reach just one conclusion. *Walston v. Boeing Co.*, 181 Wn.2d 391, 395, 334 P.3d 519 (2014). When reviewing an order granting summary judgment, we conduct the same inquiry as the trial court, review the evidence in the light most favorable to the nonmoving party, and make all reasonable inferences in that party's favor. *Lakey v. Puget Sound Energy, Inc.*, 176 Wn.2d 909, 922, 296 P.3d 860 (2013).

The statute of limitations for a loan that is not memorialized in writing is three years. RCW 4.16.080(3). However, the debt may be revived after the statute of limitations has run if a new promise is made in writing. RCW 4.16.280. In general, a spouse may revive a debt as to the marital community after the statute of limitations has expired if the spouse has authority to do so. *Matson v. Weidenkopf*, 101 Wn. App. 472, 480-81, 3 P.3d 805 (2000). This general authority may

3

be express or, more typically, is "inferred from the community relationship." *Matson*, 101 Wn. App. at 481.

Spouses do not have authority to make gifts of community property without express or implied consent from the other spouse. RCW 26.16.030(2). Although the statute does not define a gift explicitly, a "debt incurred for the purpose of a gift" is treated the same as an expenditure of funds for the purpose of a "gift" under RCW 26.16.030(2) and is also an exception to a spouse's general authority to manage community property. *In re Marriage of Schweitzer*, 132 Wn.2d 318, 331, 937 P.2d 1062 (1997) (*Schweitzer* II).

A moral obligation is sufficient consideration for a new promise to pay an expired debt. *Orsborn v. Old Nat'l Bank of Wash.*, 10 Wn. App. 169, 173, 516 P.2d 795 (1973). The law presumes that any debt incurred during the marriage is a community debt. *Oil Heat Co. of Port Angeles, Inc. v. Sweeney*, 26 Wn. App. 351, 353, 613 P.2d 169 (1980). Spouses are presumed to have the authority to manage and control community property except in certain circumstances. RCW 26.16.030. There is also a presumption that debts incurred during the marriage are for the community's benefit. *Schweitzer v. Schweitzer*, 81 Wn. App. 589, 597, 915 P.2d 575 (1996) (*Schweitzer* I), *remanded*, 132 Wn.2d 318.

## II. AUTHORITY TO BIND THE MARITAL COMMUNITY AND EXCEPTIONS

Here, it is uncontested that the statute of limitations on the Frosts' original debt to Hacker was three years because the loan was not in writing. It is also uncontested that Tammie signed a written promissory note to revive the original debt. Because Tammie signed the promissory note during her marriage, she is presumed to have acted with authority to manage and control

community property and it is presumed that this debt was incurred for the marital community's benefit. RCW 26.16.030; *Matson*, 101 Wn. App. at 480-81; *Schweitzer* I, 81 Wn. App. at 597.

## A. THE PROMISSORY NOTE WAS NOT A GIFT AS A MATTER OF LAW

Richard relies on *Schweitzer* II and *Nichols Hills Bank v. McCool*, 104 Wn.2d 78, 701 P.2d 1114 (1985), to support his argument that the gift exception in RCW 26.16.030(2) applies and the promissory note was a gift of community property as a matter of law. He argues that like in *Schweitzer* II and *Nichols Hills*, their marital community had no legal obligation to repay Hacker after the statute of limitations had run, and, therefore, the promissory note was a gift.

However, these cases are easily distinguishable. In *Nichols Hills*, our Supreme Court did not discuss whether the marital community's legal obligations impact the RCW 26.16.030(2) gift analysis at all. Instead, the issue in *Nichols Hills* was not whether a gift was made but whether the wife had consented to co-signing a loan for her son. 104 Wn.2d at 81. Our Supreme Court, therefore, never considered the issue that Richard argues here. Therefore, this case does not support Richard's argument.

In *Schweitzer* II, our Supreme Court held that "[g]iven that there was no community obligation to finance [the son's] college education, the expenditures and loans constituted a gift." 132 Wn.2d at 331. However, the court's holding was based on facts developed at trial showing that the mother and father had several discussions and at times bitter disagreements about giving their son money for college. *Schweitzer* II, 132 Wn.2d at 330-32.

In this case, Richard argues that simply because there was no legal obligation to repay the loan since the statute of limitations had run, the promissory note was a gift as a matter of law. Neither *Nichols Hills* nor *Schweitzer* II support such a broad rule. Richard also points to no

authority, and we are aware of none, to support his argument that when one spouse signs a promissory note after the statute of limitations has run on a community debt, the new debt does not benefit the marital community as a matter of law. Thus, this argument also fails.

Therefore, we reject Richard's argument that simply because there was no legal obligation to repay the loan, the promissory note was a gift as a matter of law.

## B. RICHARD FAILS TO RAISE A GENUINE DISPUTE AS TO ANY MATERIAL FACT

Finally, there is no genuine dispute of material fact about whether the promissory note was a gift or whether it was for the benefit of the marital community. Richard's affidavit—the only evidence that he contributed to the summary judgment record—establishes that Hacker wrote a check to the Frosts in 2004, that the Frosts purchased real estate in part with that check, that Tammie signed the 2013 promissory note, and that he "had nothing to do whatsoever" with the note. CP at 29. However, the fact that Richard did not know that Tammie had signed the promissory note does not raise a genuine dispute whether the note was a gift as a matter of law— spouses regularly make expenditures and incur debts without the other spouse's knowledge—and Richard's other pleadings do not allege additional facts to support such a conclusion. Even making all reasonable inferences from these facts in Richard's favor, he has failed to raise a genuine dispute that Tammie made a gift of marital property.

Richard also argues that Tammie did not have authority to bind the marital community because she was not acting for the community's benefit when she signed the promissory note. He

argues that the marital community had no legal obligation to pay Hacker when Tammie signed the promissory note and that the marital community received no consideration for the new promise to pay. Again, we disagree.

Because Tammie signed the promissory note during the Frosts' marriage, we presume that it is a community debt and that it is for the community's benefit. And a moral obligation is sufficient consideration for a new promise to pay an expired debt. *Orsborn*, 10 Wn. App. at 173. The record shows that Richard did not know about Tammie's plan to sign the promissory note and that he never signed it himself. However, Richard's affidavit fails to state that the promissory note did not benefit the marital community nor did he provide any additional evidence in the summary judgment record from which we could make such an inference. Making all reasonable inferences in Richard's favor, these facts fail to demonstrate a genuine dispute as to a material fact regarding whether the promissory note is a community debt or whether the community benefited from it.

## III. ATTORNEY FEES

Hacker requests an award of attorney fees on appeal. However, because he did not devote a separate section of his opening brief to his attorney fees request and does not argue that he has the right to reasonable attorney fees under applicable law, Hacker is not entitled to attorney fees on appeal. RAP 18.1(a)-(b).

## IV. CONCLUSION

Because Richard fails to raise a genuine dispute as to any material fact or fails to show he is entitled to judgment as a matter of law, we conclude that Hacker is entitled to summary judgment. Accordingly, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Johanson, C.J.

JOHANSON, C.J.

We concur:

MAXA, J.

SUTTON, J.