# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| CALIFORNIA SHELLFISH COMPANY, INC. d/b/a POINT ADAMS PACKING CO., | ) ) ) ) | No. 72336-7-I |
| | ) | DIVISION ONE |
| Appellants, | ) ) ) | |
| v. | ) ) ) | |
| SEAFOOD SALES, INC.; TERRY R. BERTOSON, an individual; and DOES 1 through 50, inclusive, | ) ) ) ) ) | UNPUBLISHED OPINION |
| Respondents. | ) ) ) | FILED: August 3, 2015 |

LAU, J. — After California Shellfish Company, Inc. obtained a judgment against Seafood Sales, Inc. and Terry Bertoson, it moved for an order directing the sale of Bertoson's residential property. Because the trial court erred in denying the motion on the grounds that Bertoson's wife was not a party to the action, we reverse.

## FACTS

Bertoson is the president and majority shareholder of Seafood Sales. On November 3, 2010, Bertoson executed an agreement on behalf of Seafood Sales to purchase seafood on credit from California Shellfish. Seafood Sales failed to make payments and California Shellfish filed suit against Seafood Sales and Bertoson for breach of the credit agreement. The caption reads: "CALIFORNIA SHELLFISH

COMPANY, INC. d/b/a POINT ADAMS PACKING CO. v. SEAFOOD SALES, INC.; TERRY R. BERTOSON, an individual; and DOES 1 through 50, inclusive." Clerk's Papers (CP) at 1.

On August 16, 2013, the trial court granted summary judgment in favor of California Shellfish and entered a judgment of $247,946.41 against "Seafood Sales, Inc. and Terry R. Bertoson." CP at 105. After failing to collect on the judgment through garnishment proceedings, California Shellfish sought and obtained an order directing Bertoson to appear at a supplemental proceedings examination. The examination revealed that Bertoson and his wife Nancy owned residential property in Shoreline.[1] Bertoson testified the property was subject to $440,794 in liens and encumbrances senior to the judgment. The trial court issued a writ of execution against the property and appointed an appraiser. The appraiser valued the property at $810,000.

California Shellfish moved for an order directing the sale of the property. Bertoson opposed the sale, arguing that it was community property and could not be used to satisfy the judgment because neither Nancy nor the marital community were named in the complaint and the judgment was entered against only Bertoson in his individual capacity. The trial court denied the motion, finding "the marital community was not a party to this action." California Shellfish appeals.

## DECISION

California Shellfish contends the trial court erred in denying the motion to order the sale of the Bertosons' property. The issues before the court involve questions of

---

[1] We refer to Nancy Bertoson by her first name to avoid confusion.

law and the standard of review on appeal is de novo. Labriola v. Pollard Group, Inc., 152 Wn.2d 828, 832, 100 P.3d 791 (2004).

It is well-settled that "[a] debt incurred by either spouse during marriage is presumed to be a community debt." Oil Heat Co. of Port Angeles, Inc. v. Sweeney, 26 Wn. App. 351, 353, 613 P.2d (1980). Parties do not dispute that Bertoson and Nancy were married at the time the judgment was entered. Accordingly, the judgment against Bertoson is presumed to be against the marital community.

Bertoson asserts broadly that "[a] party seeking a judgment which it intends to enforce against the assets of the marital community must plead and prove community liability." Br. of Resp't. at 3. This is incorrect. It is the "party seeking to avoid the obligation" that bears the burden of overcoming this presumption by clear and convincing evidence. Warren v. Washington Trust Bank, 19 Wn. App. 348, 360, 575 P.2d 1077 (1978).

Bertoson did not present any evidence to overcome the presumption that the judgment is a community obligation. Bertoson argued merely that community property could not be used to satisfy the judgment because neither Nancy nor the marital community were named in the complaint. This argument is not persuasive because a marital community is not "a legal person separate and apart from the members composing the partnership or community," nor is "the property acquired during marriage . . . owned by a legal personality distinct from the spouses composing the community." deElche v. Jacobsen, 95 Wn.2d 237, 243, 622 P.2d 835 (1980). "A judgment against only one spouse will presumed to be a community liability, and the judgment may be enforced against the community even though only one spouse was

named as a defendant and served." 14A Karl B. Tegland, Washington Practice: Civil Procedure § 35:14, at 501 (2d ed.2009).

Because the judgment against Bertoson is a judgment against the marital community whether or not the marital community was named in the complaint, the trial court erred in denying California Shellfish's motion to direct the sale on the grounds that "the marital community was not a party to this action." Consequently, we reverse the trial court's order denying the motion on this basis and remand for further proceedings.

California Shellfish requests attorney fees and costs on appeal pursuant to RAP 18.1(a), which authorizes an award where "applicable law grants to a party the right to recover reasonable attorney fees or expenses on review." California Shellfish cites to the credit agreement, which provides that Seafood Sales and Bertoson shall "pay all costs, expenses and attorney's fees incurred" in collection proceedings. As the prevailing party on appeal, California Shellfish is awarded reasonable attorney fees and costs on appeal, subject to compliance with RAP 18.1.

WE CONCUR: